**In the Matter of Arthur S. MEISNERE, Respondent, A Member of the Bar of the District of Columbia Court of Appeals.**

**No. M–134–82.**

District of Columbia Court of Appeals.

Submitted Dec. 15, 1983.

Decided Jan. 11, 1984.

Before KERN, FERREN and TERRY, Associate Judges.

ORDER

PER CURIAM:

We are presented with a Report and Recommendation of the Board on Professional Responsibility that respondent be disbarred from the practice of law. The Board found that respondent was convicted in the United States District Court for the Eastern District of Virginia of perjury, 18 U.S.C. § 1623, and conspiracy to defraud the United States Internal Revenue Service, 18 U.S.C. § 371. The Board further found that both of these offenses involved moral turpitude, requiring disbarment pursuant to D.C.Code § 11–2503(a) (1981).

We accept the Board's findings of fact as being supported by substantial evidence of record, including a certified copy of a court record of respondent's convictions. Moreover, we agree with the Board that both of

---

the crimes of which respondent was convicted involved moral turpitude, for the reasons set forth by the Board in its Report and Recommendation, a copy of which is attached hereto and incorporated herein by reference.

Accordingly, it is:

ORDERED that respondent, ARTHUR S. MEISNERE, is permanently disbarred from the practice of law in the District of Columbia pursuant to D.C.Code § 11–2503(a) (1981). *See In re Kerr,* 424 A.2d 94 (D.C. 1980) (en banc); *In re Colson,* 412 A.2d 1160 (D.C.1979) (en banc). This order shall be effective thirty (30) days from the date of this opinion. D.C. Bar R. XI, § 19(3).

## BOARD ON PROFESSIONAL RESPONSIBILITY DISTRICT OF COLUMBIA COURT OF APPEALS

Bar Docket Number: 78–82

IN THE MATTER OF ARTHUR S. MEISNERE

### REPORT AND RECOMMENDATION

On August 26, 1982, Respondent pleaded guilty to an indictment returned in the United States District Court for the Eastern District of Virginia charging a violation of 18 U.S.C. 1623 and to an information charging conspiracy to defraud the Internal Revenue Service in violation of 18 U.S.C. 371. On October 29, 1982, he was sentenced to concurrent terms of imprisonment for two years.

On November 18, 1982, the Court suspended Respondent from the practice of law in the District of Columbia and referred the matter to the Board on Professional Responsibility to determine whether the offenses of which Respondent was convicted involved moral turpitude within the purview of D.C.Code § 11–2503(a) (1981).

The Board is of the view that both of the offenses of which Respondent was convicted involve moral turpitude on their face, and that therefore, Respondent must be disbarred under D.C.Code § 11–2503(a) (1981).

The first statute under which Respondent was indicted, 18 U.S.C. 1623,[1] is essentially a perjury statute. See *Dunn v. United States,* [442] 422 U.S. 100, [99 S.Ct. 2190, 60 L.Ed.2d 743] (1979), noting that the statute was designed to facilitate perjury prosecutions without the technical problems of proof engrafted into the federal perjury statute from common law. The statute required for conviction, and the indictment here at issue charged, the making of a false statement under oath before a grand jury with respect to a matter material to the grand jury's investigation. False testimony in a judicial proceeding, particularly by an attorney sworn to uphold the law, undermines the integrity of the judicial process. It therefore involves moral turpitude on its face under the standard announced by the Court in *In re Willcher,* 447 A.2d 1198 (D.C. 1982).

A violation of 18 U.S.C. 371, the conspiracy statute[,] does not necessarily constitute moral turpitude *per se* since the statute prohibits both conspiracy to commit an offense against the United States and conspiracy to defraud the United States. In this case, however, the information to which Respondent pleaded guilty, specifically charged conspiracy knowingly to defraud the United States by obstructing the Treasury Department in its attempt to ascertain the assets of and the taxes due from one Leon Durwood Harvey. Thus the information to which Respondent pleaded guilty necessarily required proof of intent to defraud. Intent to defraud inherently in-

1. The statute provides: Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

volves moral turpitude. *In re Willcher, supra.*

Apparently recognizing the inevitability of his disbarment, Respondent, on September 29, 1982, attempted to resign from the bar as of October 1, 1982. The attempted resignation, after his plea of guilty, cannot defeat disbarment. *In re Phillips* [452 A.2d 345] No. M–97–81 (1982).

The Board on Professional Responsibility therefore recommends that Respondent be disbarred under D.C.Code § 11–2503(a) (1981).

Board on Professional
Responsibility
By: /s/Beatrice Rosenberg
Beatrice Rosenberg

Date: January 18, 1983

All members of the Board join in this opinion except Mr. Webb who did not participate in the case.