**Fortunato J. MENDES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 89–706.**

District of Columbia Court of Appeals.

Argued June 5, 1991.
Decided July 16, 1991.[*]

Elaine Mittleman, Falls Church, Va., appointed by this court, for appellant.

Ralph J. Caccia, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Asst. U.S. Atty., Washington, D.C., was on the brief, for appellee.

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published by direction of the court.

Before STEADMAN and SCHWELB, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

After a jury trial, appellant, an experienced attorney, was convicted of distribution of cocaine, D.C.Code § 33–541(a)(1) (1990 Supp.), and carrying a pistol without a license, D.C.Code § 22–3204 (1989 Repl.). He contends, on appeal, that his Sixth Amendment right to counsel was violated because the trial court required him to appear *pro se* following his dismissal of his retained attorney. We affirm.

From April 21, 1989, when appellant first appeared for trial, until the trial concluded on May 3, 1989, appellant engaged in conduct giving rise to an inference that dilatory tactics were being employed to avoid going to trial. Specifically, he filed a motion for recusal of the first trial judge, resulting in appointment of a second judge.[1] He filed a motion for a continuance to discharge his retained trial counsel and to procure new counsel. He also filed a complaint with the District of Columbia Board on Professional Responsibility, alleging ineffective assistance of counsel on the part of his retained attorney. He further engaged in aberrant behavior, both in and out of the courtroom, in an apparent attempt to cast doubt on his competence to stand trial.[2] As a result, the trial which was scheduled to begin on April 21st did not start until May 1st.

Appellant, in seeking to discharge retained counsel, appeared before the trial court with other counsel who represented that more time was needed to prepare for trial. In response to questions from the court, he charged that his retained counsel had failed to thoroughly investigate his case, failed to communicate with him for nearly eleven months and failed to inform him of his scheduled trial date. Retained counsel refuted these representations and the trial court concluded that appellant was engaging in a ploy to delay trial.

The following day, appellant filed a complaint with the Board on Professional Responsibility alleging seven instances of ineffective assistance on the part of retained counsel. Counsel, in pretrial proceedings, informed the court that she was prepared to go to trial but was required to move to withdraw.[3] The trial court, after warning appellant that he would not be allowed to use his right to discharge counsel as a ploy to manipulate the trial, held a *Monroe–Farrell* hearing.[4] The court found that appellant's representations were "not worthy of belief" and that his attorney was a "competent trial counsel."

In light of its findings, the trial judge gave appellant a choice of going to trial with his retained counsel; *pro se* with her assistance or the assistance of new counsel; or with new counsel. When appellant declined to go to trial with his retained counsel, the court granted the counsel's motion to withdraw, stating that appellant's actions were a ploy to avoid trial and that "[i]f you are not ready for trial, it's my finding this is your own deliberate choice." Although pretrial proceedings began on April 26th, the court continued the trial until May 1st to give appellant, or new counsel, time to prepare.

On May 1st, appellant filed a "Motion to Exercise Fifth Amendment Right Against Self–Incrimination and Sixth Amendment Right to Counsel," stating that the court's denial of a continuance forced him to proceed to trial unassisted by legal representa-

---

1. The trial judge who commenced the proceedings on April 21, 1989, recused himself on April 24th. The proceedings reconvened before a different trial judge on the following day.

2. Appellant became disruptive during the proceedings on April 21st and had to be physically restrained by the marshals. On the following day, he was given a forensic screening by a doctor who concluded that he was competent to stand trial.

3. DR 2–110(B)(4) requires a lawyer representing a client before a tribunal to withdraw if he is discharged by his client.

4. *Monroe v. United States*, 389 A.2d 811, 818–19 (D.C.), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *Farrell v. United States*, 391 A.2d 755 (D.C.1978).

tion. In denying the motion the court stated:

> As Mr. Mendes discharged his retained counsel on the day of trial without any cause as explained on the record on 4/26/89, the court finds the present motion to be a sham and a ploy to delay his trial and for no other purpose. Mr. Mendes is competent and has taken steps deliberately in the court's judgment. The motion for appointed counsel is denied, as Mr. Mendes has declined to accept the suggestion that his Maryland counsel, who are present in court, sit and advise him.

Appellant declined to participate in his trial; he did not cross-examine the government's witnesses nor did he present any evidence.

In this court, appellant virtually concedes that his actions were a ploy to delay his trial but argues that his constitutional rights were nevertheless violated by the court's error in not appointing new counsel. It is uncontroverted that a criminal defendant has a constitutional right under the Sixth Amendment to retain counsel for his defense in a criminal trial. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). It is also uncontroverted that a defendant in a criminal trial may "knowingly and intelligently" waive his right to counsel and conduct his own defense. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The question arises here, as to whether appellant, an experienced criminal trial lawyer intimately familiar with the criminal justice system, the statutory offenses, the range of allowable punishment and the possible defenses, has by his conduct "knowingly and intelligently" waived his right to counsel. *See Fowler v. United States*, 411 A.2d 618, 622 (D.C.), *cert. denied*, 446 U.S. 985, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980); *Hsu v. United States*, 392 A.2d 972, 983 (D.C.1978).

Appellant argues that he did not waive his right to counsel and expressly stated that he did not want to represent himself. It is true that the waiver of a constitutional right is not to be lightly inferred. *See Johnson v. Zerbst*, 304 U.S. 458, 464, 58

S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Hsu, supra*, 392 A.2d at 981–82. Nevertheless, under the unusual circumstances of this case, we find no Sixth Amendment violation. Appellant used his legal expertise in a blatant attempt to subvert the judicial process. Knowing the attendant consequences, his choice to discharge his original counsel, whom the trial court found to be competent, and his refusal to retain new counsel while there was ample time to prepare for trial, operated as an effective waiver of his Sixth Amendment right to legal representation. *See Gurley v. United States*, 353 A.2d 8, 9 (D.C.1976). *See also United States v. Fazzani*, 871 F.2d 635, 642 (7th Cir.), *cert. denied*, 493 U.S. 982, 110 S.Ct. 517, 107 L.Ed.2d 518 (1989); *United States v. Mitchell*, 777 F.2d 248, 258 (5th Cir.1985), *cert. denied*, 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986).

*Affirmed.*