## In re Fortunato MENDES, Respondent.

### No. 89–528.

District of Columbia Court of Appeals.

Submitted March 5, 1990.

Decided Oct. 23, 1991.

Before STEADMAN and FARRELL, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

The District of Columbia Court of Appeals Board on Professional Responsibility ("Board") recommends disbarment of respondent Fortunato Mendes pursuant to D.C.Code § 11–2503(a) (1989 Repl.). Sec-

tion 11–1503(a) requires the disbarment of any member of the bar who is convicted of a criminal offense involving "Moral turpitude." Pursuant to statutory requirements and the rules of this court, the final disbarment may not issue until after judgment of final appeal in the criminal case, however, appellant has been suspended since our order of July 13, 1989. D.C.App.R. XI, Section 10(d); D.C.Code § 11–2503(a) (1989 Repl.).

Respondent was convicted in the Superior Court of the District of Columbia of possession with intent to distribute cocaine, D.C.Code § 33–541 (1989 Repl.), and of carrying a pistol without a license, D.C.Code § 22–3204 (1989 Repl.). On appeal, his conviction was affirmed. *See Mendes v. United States,* 595 A.2d 972 (D.C.1991).

The Board has concluded that respondent's conviction in the Superior Court of possession with intent to distribute cocaine involved a crime of moral turpitude, and therefore warrants disbarment. Upon examination of this report and the record on which it was based, we accept the findings of the Board and adopt its recommendations. Such report is appended to this decision.

Accordingly, respondent is hereby disbarred from the practice of law in this jurisdiction and his name stricken from the roll of attorneys authorized to practice before this court.[1]

## APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

Bar Docket No. 310–87

In the Matter of:

FORTUNATO MENDES, RESPONDENT

### REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

Respondent was found guilty in the Superior Court of the District of Columbia of

---

1. This court has been notified by Bar Counsel, in a letter dated February 21, 1990, of appellant's conviction for murder in the State of Maryland. At this time, we have not been formally informed of further action in this Maryland proceeding, but note that disciplinary action may be appropriate pursuant to D.C.App.R. XI, Sections 10 or 11.

one count of possession with intent to distribute cocaine, in violation of D.C.Code § 33–541, and carrying a pistol without a license, in violation of D.C.Code § 22–3204. On May 18, 1989, Respondent was sentenced to serve 20 months to five years and fined $5,000 on the drug charge and on the gun charge, one year, which was to be served consecutively.

On July 13, 1989, the District of Columbia Court of Appeals suspended Respondent from the practice of law pursuant to Rule XI, § 15(1) and (4). In its order of suspension, the Court requested that the Board institute a formal proceeding to determine the nature of the final discipline to be imposed and review the elements of the crimes of which Respondent was convicted to decide whether or not the crimes involved moral turpitude within the meaning of D.C.Code § 11–2503(a). In the opinion of the Board, one of the crimes of which Respondent stands convicted, namely, possession with intent to distribute cocaine, does on its face involve moral turpitude and therefore Respondent must be disbarred pursuant to D.C.Code § 11–2503(a).

### DISCUSSION

In *In re Colson*, 412 A.2d 1160, 1168 (D.C.1979) (en banc), the Court defined moral turpitude to mean "the act denounced by the [criminal] statute offends the generally accepted code of mankind," or whether the criminal act is one of "baseness, vileness or depravity in the private and social duties which a man owes to his fellow men or to society in general," or whether the act is "contrary to justice, honesty, modesty or good morals."

The Court also held in *Colson* that:

once the Court made a final determination that a crime involves moral turpitude, the Board must adhere to that ruling, with the result that the hearing at

the Board level shall be limited to the question whether the certificate of conviction used in this Court's order of suspension ... establishes that the attorney, in fact, has been convicted of the crime charged. *Id.* at 1165.

The Court has already ruled that a number of drug offenses including possession with intent to distribute cocaine, *In re Davis*, M–92 (D.C.App. Nov. 18, 1981), are crimes involving moral turpitude *per se*. The only difference between Davis' and Respondent's charges is that the former was prosecuted for both cocaine and marijuana under the federal statute, 21 U.S.C. § 841(a) whereas Respondent was charged only with a cocaine drug offense under the District of Columbia Statute, D.C.Code § 33–541(a)(1). The language of the two statutes is identical and therefore should be considered the same by the Board in determining whether Respondent's drug offense involves moral turpitude *per se*.

Bar Counsel has argued that Respondent's drug offense is a crime of moral turpitude. Respondent did not file any pleading.

The Board has determined that Respondent has been convicted of a crime, possession with intent to distribute cocaine, that involves moral turpitude *per se*. Accordingly, the Board recommends that Respondent be disbarred from the practice of law pursuant to D.C.Code § 11–2503(a).

BOARD ON PROFESSIONAL RESPONSIBILITY
By: /s/_____
Hannah Jopling Kaiser

Date: October 6, 1989

All members of the Board concur in this report except, Ms. Keep and Mr. Carter who did not participate.