**In re Richard M. HIRSCHFELD, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 91–SP–877.

District of Columbia Court of Appeals.

Submitted Sept. 25, 1992.
Decided March 30, 1993.

Before FERREN, STEADMAN and FARRELL, Associate Judges.

FERREN, Associate Judge:

On May 17, 1991, respondent Richard M. Hirschfeld was convicted in the United States District Court for the Eastern District of Virginia on two counts of conspiracy to defraud the United States Internal Revenue Service, 18 U.S.C. § 371 (1988), and one count of aiding the preparation of a false tax return, 26 U.S.C. § 7206(2) (1988). Respondent appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the convictions on May 7, 1992. *See United States v. Hirschfeld,* 964 F.2d 318 (4th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1067, 122 L.Ed.2d 371 (1993), *rehearing denied,* —— U.S. ——, 113 S.Ct. 1437, 122 L.Ed.2d 803 (1993).

■ While Hirschfeld's appeal was pending, this court suspended him from the practice of law in the District of Columbia by order of August 7, 1991. We further ordered the Board on Professional Responsibility to institute a formal proceeding to determine the nature of the final discipline to be imposed. The Board recommended respondent's disbarment pursuant to D.C.Code § 11–2503(a) (1989 Repl.), which requires disbarment of any attorney convicted of a crime involving moral turpitude. *See In re McBride,* 602 A.2d 626, 629 (D.C. 1992) (en banc). In an Interim Order filed on September 25, 1992, we noted the Board's recommendation but withheld final action. Although we were aware of the Fourth Circuit's decision affirming respon-

dent's convictions, we had not yet received a certified copy of that judgment as required by D.C.Code § 11–2503(a) and D.C.Bar Rule XI § 10(d) (1992).[1] The Interim Order also gave respondent "ten days, from the date on which the final judgment of conviction is certified to this court, to show cause, if any, why the Board's recommendation of disbarment is not ripe for this court's review."

On October 20, 1992, the Board filed with this court a certified copy of the Fourth Circuit's decision affirming respondent's convictions. Later, on January 25, 1993, the Board filed a Supplemental Report reaffirming its recommendation that respondent be disbarred.

This sequence of events has led Bar Counsel to ask this court how Bar Counsel and the Board should proceed in a disciplinary case, premised on a criminal conviction, while an appeal of that conviction is pending. We note, first, that, upon the filing with this court of a certified copy of the record or docket entry demonstrating that an attorney has been convicted of a serious crime, this court has the authority to order the attorney's immediate suspension from the practice of law, as it did in this case, pending the outcome of a disciplinary proceeding before the Board. *See* D.C.Bar Rule XI § 10(c). As for what should happen next, the Board proposes two alternatives. The Board could continue to follow the procedure it used in this case. Specifically, after it has held appropriate hearings, when required, and arrived at a recommendation, the Board could forward its

---

1. "Pursuant to statutory requirements and the rules of this court, the final disbarment may not issue until after judgment of final appeal in the criminal case." *In re Mendes,* 598 A.2d 168, 168 (D.C.1991). D.C.Code § 11–2503(a) provides as follows:

When a member of the bar of the District of Columbia Court of Appeals is convicted of an offense involving moral turpitude, and a certified copy of the conviction is presented to the court, the court shall, pending final determination of an appeal from the conviction, suspend the member of the bar from practice. Upon reversal of the conviction the court may vacate or modify the suspension. *If a final judgment of conviction is certified to the court,*

the name of the member of the bar so convicted shall be struck from the roll of the members of the bar and he shall thereafter cease to be a member.

(Emphasis added.) D.C.Bar Rule XI § 10(d) provides in part that a disciplinary proceeding triggered by conviction of a serious crime "shall not be concluded until all direct appeals from conviction of the crime have been completed." We *do not* understand these provisions to require, however, that final action be held in abeyance pending the outcome of an appeal that is allowable only in the court's discretion, *e.g.,* a petition for writ of certiorari to the United States Supreme Court.

report and recommendation to this court *without waiting* for the outcome of an appeal of the underlying criminal conviction. This court could then review the Board's report but withhold any formal action on the Board's recommendation until after the final judgment on appeal has been certified to this court. Alternatively, the Board could wait for the outcome of the criminal appeal before forwarding its report and recommendation to this court, so that the matter could be disposed of at one time.

We conclude that the better practice is for the Board to continue to follow the first approach, forwarding its report and recommendation to this court as soon as possible, notwithstanding the pendency of an appeal of the underlying criminal conviction. This procedure allows us the opportunity to consider the Board's report and recommendation and any opposition filed by the attorney at the earliest possible time. While disbarment or any other discipline would be premature before the criminal appeal has been resolved, we would be in a position at least to determine whether further Board action would be required even though the conviction might ultimately be affirmed. For instance, we might conclude—contrary to a Board report in a particular case—that the underlying offense is not a crime involving moral turpitude *per se*, and thus remand the case to the Board for a hearing on whether the attorney's conduct on the particular facts of the case involved moral turpitude. *See, e.g., McBride*, 602 A.2d at 632–635 (concluding that no misdemeanor involves moral turpitude *per se* and remanding for Board hearing on facts of case). The proposed alternative approach—holding the case at the Board until resolution of the attorney's criminal appeal—would be more efficient for this court, but it could result in a prolonged suspension of the attorney without the prospect, and possible benefit, of immediate appeal to this court. Indeed, even when a conviction ultimately is affirmed, we believe the attorney, the disciplinary system, and the public at large will be

served best if the final discipline to be imposed is resolved as close as possible to the time the conviction is affirmed—a result that will be achievable only if this court has had an opportunity to review the matter before the criminal appeal is decided.

■■■ Accordingly, once Bar Counsel has received certified proof that a member of the District of Columbia Bar has been convicted of a "serious crime," D.C.Bar Rule XI § 10(b), Bar Counsel should take the following steps. First, Bar Counsel should transmit to this court (and to the Board) "a certified copy of the court record or docket entry" evidencing the conviction, D.C.Bar Rule XI § 10(a), so that we may take immediate action to suspend the attorney in accordance with D.C.Bar Rule XI § 10(c).[2] Second, Bar Counsel should initiate appropriate disciplinary proceedings, as specified in D.C.Bar Rule XI § 10(d). Third, once the Board on Professional Responsibility has arrived at a recommendation, it should forward its report and recommendation to this court for further action, notwithstanding the pendency of an appeal of the conviction underlying the proposed discipline. Fourth, Bar Counsel should deliver to this court a certified copy of the final judgment on appeal of the criminal conviction as soon as it becomes available so that we may take final action, as indicated. If, as in this case, the final judgment on appeal is not available until after the Board has filed its report and recommendation; the Board need not, as it did here, file a new report reaffirming its earlier recommendation.

The procedure followed by the Board in this case was substantially in accord with the practice mandated by statute and by the rules of this court. Respondent has not claimed that this matter is not ripe for final action. We turn, therefore, to the merits.

■■■ In another decision involving conspiracy to defraud the Internal Revenue

---

**2.** The respondent "attorney shall also file with this Court and the Board, within ten days from the date of such finding or plea" of guilty or

nolo contendere to a criminal charge, "a certified copy of the court record or docket entry of the finding or plea." D.C.Bar Rule XI § 10(a).

Service, this court adopted the Board's conclusion that violation of 18 U.S.C. § 371 does not necessarily involve moral turpitude *per se*, because the statute prohibits conspiracy not only to defraud the United States but also to commit any offense against the United States. *See In re Meisnere*, 471 A.2d 269, 270 (D.C.1984). Not every federal crime involves moral turpitude *per se*. In this case, however, as in *Meisnere* itself, the indictment under which respondent was convicted specifically charged him with two counts of conspiracy to defraud the United States; thus, it is clear that respondent was in fact convicted of an offense involving moral turpitude *per se*. *See id.* at 270–71 (intent to defraud inherently involves moral turpitude). Respondent does not contest this view of the matter, which is set forth in the Board's report and recommendation. Accordingly, it is

ORDERED that respondent, Richard M. Hirschfeld, be disbarred from the practice of law in the District of Columbia pursuant to D.C.Code § 11–2503(a), *nunc pro tunc* to the suspension order of August 7, 1991.