**In re Mark A. LOBAR, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 92–SP–490.**

District of Columbia Court of Appeals.

Submitted Sept. 30, 1993.

Decided Oct. 21, 1993.

Before SCHWELB, FARRELL and KING, Associate Judges.

PER CURIAM:

On March 13, 1992, respondent Mark A. Lobar pled guilty to a charge of conspiracy to commit wire fraud,[1] in violation of 18 U.S.C. § 371 (1988). Pursuant to D.C. Bar R. XI, § 10(c), this court suspended respondent from the practice of law in the District of Columbia by order dated April 27, 1992. We further ordered the Board on Professional Responsibility to institute a formal proceeding to determine the nature of the final discipline to be imposed. The Board recommended respondent's disbarment pursuant to D.C.Code § 11-2503(a) (1989), which requires disbarment of any attorney convicted of a crime involving moral turpitude. Bar

Counsel supports the Board's recommendation and respondent has not filed any exceptions to it. *See* D.C. Bar R. XI, § 9(e). We adopt the Board's recommendation.

■ This court has previously held that a conviction for wire fraud is a conviction of a crime involving moral turpitude *per se*. *See In re Chuang*, 575 A.2d 725 (D.C.1990); *In re Bond*, 519 A.2d 165, 166 (D.C.1986). We have not, however, had occasion to determine whether a conviction for conspiracy to commit wire fraud inherently involves moral turpitude. We conclude that it does.

■ A violation of 18 U.S.C. § 371 "does not necessarily constitute moral turpitude *per se* since the statute prohibits both conspiracy to commit an offense against the United States and conspiracy to defraud the United States." *In re Meisnere*, 471 A.2d 269, 270 (D.C.1984). When convicted of conspiracy where the information specifically charges one with defrauding the United States, the conviction inherently involves moral turpitude since proof of intent to defraud is necessary for the conviction. *Id.* In the instant case, respondent was not charged with defrauding the United States, but rather with conspiracy to commit an offense against the United States. The offense that respondent conspired to commit was a crime of moral turpitude. *See Chuang, supra,* 575 A.2d at 725; *Bond, supra,* 519 A.2d at 166. We conclude that where, as here, the object of the conspiracy is a crime involving moral turpitude, a conviction for conspiracy to commit the underlying offense is itself a crime inherently involving moral turpitude. *See, e.g., In re Roberson,* 429 A.2d 530, 531-32 (D.C.1981) (en banc) (conspiracy to sell narcotics and conspiracy to possess a controlled substance with the intent to distribute are crimes involving moral turpitude).

We agree with the Board's recommendation that respondent be disbarred pursuant to D.C.Code § 11-2503(a). Bar Counsel informed this court that respondent failed to file an affidavit in compliance with D.C. Bar R. XI, § 14(f). "In cases such as this, where an attorney has failed to carry out his or her

---

1. 18 U.S.C. § 1343 (1988).

responsibilities under this rule, we have imposed disciplinary sanctions prospectively, rather than retroactively." *In re Slater,* 627 A.2d 508, 509 (D.C.1993) (citation omitted).

Accordingly, it is ORDERED that respondent be disbarred from the practice of law in the District of Columbia effective as of the date of this order.[2] *See* D.C. Bar R. XI, § 14(e).

*So Ordered.*

**In re S.J.,**

**P.J., Appellant.**

**No. 93–FS–1211.**

District of Columbia Court of Appeals.

Oct. 21, 1993.

Theodore R. Weckel, Washington, DC, for appellant.

John Payton, Corp. Counsel, Arlene Robinson, Deputy Corp. Counsel, and June Melvin Nickens and Sonya Adamo, both Asst. Corp. Counsel, Washington, DC, filed an opposition to the motion for summary reversal.

Before FARRELL and KING, Associate Judges, and NEWMAN, Senior Judge.

---

**2.** *We direct respondent's attention to D.C. Bar R. XI, §§ 14 and 16(c), which sets forth certain* rights and responsibilities of disbarred attorneys.