**In re Sheldon I. MATZKIN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 93–BG–270.**

District of Columbia Court of Appeals.

Submitted Sept. 21, 1995.
Decided Oct. 26, 1995. ·

Before FERREN and RUIZ, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

On March 12, 1993, respondent Sheldon I. Matzkin was convicted in the United States District Court for the Eastern District of Virginia on one count of conspiracy to defraud the United States, commit bribery, and commit conversion, in violation of 18 U.S.C. § 371 (1988). Respondent appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction on February 1, 1994. *See United States v. Matzkin,* 14 F.3d 1014 (4th Cir.1994). We received a certified copy of the Fourth Circuit's decision on December 7, 1994.

On April 22, 1993, while respondent's appeal was pending, this court suspended him from the practice of law in the District of Columbia upon notification under D.C.Bar R. XI § 10(c) (1995) that respondent had been found guilty of a serious crime. We also ordered the Board on Professional Responsibility to institute a formal proceeding to determine the nature of the final discipline to be imposed. The Board concluded that respondent's criminal conviction for conspiracy to defraud the United States involved moral turpitude *per se. See In re Hirschfeld,* 622 A.2d 688, 691 (D.C.1993) (conspiracy to defraud the United States involves moral turpitude); *In re Meisnere,* 471 A.2d 269, 270–271 (D.C.1984) (same).[1] Respondent does not challenge this determination. The Board, therefore, recommended respondent's disbarment pursuant to D.C.Code § 11–2503(a)

(1989 Repl.), which requires disbarment of any attorney convicted of a crime involving moral turpitude. *See In re McBride,* 602 A.2d 626, 629 (D.C.1992) (en banc); *In re Colson,* 412 A.2d 1160, 1164 (D.C.1979) (en banc).

■ In its recommendation, the Board noted that respondent had filed a motion under 28 U.S.C. § 2255 (1988) collaterally attacking the affirmance of his conviction by claiming ineffective assistance of counsel. The Board opined that disbarment under D.C.Code § 11–2503(a) is contingent only upon "a final judgment of conviction," not upon the results of a later collateral attack. The Board's recommendation concluded, accordingly, that "[t]o allow [r]espondent's collateral attack of his conviction to forestall imposition of discipline ... would introduce wholly unacceptable delays in the discipline process." On November 30, 1994, in a written response to the Board's recommendation, respondent asked this court to defer acting on the Board's recommendation until the Fourth Circuit ruled on his motion. We construed respondent's response as a motion to defer consideration of the Board's recommendation and, on February 2, 1995, denied respondent's motion—ruling, in effect, that after affirmance of a direct appeal, a collateral attack on the conviction does not further toll consideration of discipline premised on that conviction.

■ Respondent then filed a motion stating that the Fourth Circuit had affirmed the denial of his § 2255 motion and that he had filed a petition for a writ of certiorari in the United States Supreme Court. Rather than using this petition as a basis for arguing, once again, for deferral of discipline, respondent, to the contrary, asked this court to order his disbarment *nunc pro tunc* to June 1, 1993. Respondent's motion arguably moots the issue, raised earlier, as to whether respondent's collateral attack on his conviction forestalls the court from disbarring him pursuant to § 11–2503(a). Because we already had ruled on the issue in the unpub-

---

1. The Board did not decide whether conspiracy to commit bribery is also a crime of moral turpitude. *See In re McGough,* 605 A.2d 605, 605 (D.C.1992) (in cases of multiple convictions, only one crime involving moral turpitude need be found for disbarment under D.C.Code § 11–2503(a)).

lished order of February 2, 1995, however, we deem it appropriate to confirm that ruling in this published opinion for guidance to the Board and to the bar. We conclude, accordingly, that the court may impose disciplinary measures pursuant to § 11–2503(a) while a collateral attack of Respondent's underlying conviction is ongoing.

More specifically, this court has interpreted D.C.Code § 11–2503(a) as requiring that "final disbarment may not issue until after judgment of final appeal in the criminal case." *In re Hirschfeld,* 622 A.2d at 689 n. 1 (citing *In re Mendes,* 598 A.2d 168, 168 (D.C. 1991)). Collateral attacks such as claims of ineffective assistance of counsel take place after a "final judgment of conviction," D.C.Code § 11–2503(a), and thus cannot serve as a basis for deferring a ruling on disbarment. Because the Fourth Circuit affirmed respondent's conviction on February 1, 1994, and because respondent's crime involved moral turpitude *per se,* it is

ORDERED that respondent, Sheldon I. Matzkin, be disbarred from the practice of law in the District of Columbia pursuant to D.C.Code § 11–2503(a), *nunc pro tunc,* to June 1, 1993, the date on which he filed his affidavit under D.C.Bar Rule XI § 14(f) (1995).