In the Matter of Carol A. BIRDWELL.

No. 98–1141.

Supreme Court of Texas.

Argued Jan. 12, 2000.

Decided May 25, 2000.

Gayle Riley Vickers, Linda A. Acevedo, Christine E. McKeeman, Austin, for petitioner.

Steven W. Young, Austin, for respondent.

Justice HANKINSON delivered the opinion of the Court.

In this case we decide whether a conviction for conspiracy to defraud the United States in violation of 18 U.S.C. § 371 is a crime of moral turpitude for purposes of the compulsory-discipline provisions of the Texas Rules of Disciplinary Procedure. See TEX.R. DISCIPLINARY P. Part VIII. Carol A. Birdwell, an attorney licensed to practice law in Texas, pleaded guilty to conspiracy to defraud the United States by impeding and impairing the Internal Revenue Service in violation of 18 U.S.C. § 371. She received a sentence of eight months in prison and three years' supervised probation. The Chief Disciplinary Counsel of the State Bar of Texas commenced compulsory-discipline proceedings against Birdwell pursuant to Texas Rule of Disciplinary Procedure 8.05. After a hearing, the Board of Disciplinary Appeals ruled that because conspiracy to defraud the IRS is not an intentional crime, Birdwell could not be subject to compulsory discipline. The State Bar appealed to this Court. We hold that a conviction for conspiracy to defraud the United States in violation of section 371 is a crime of moral turpitude. Because knowledge or intent is an essential element of the offense and the crime is a felony involving moral turpitude, conspiracy to defraud the United States is an intentional crime under the disciplinary rules. Therefore, disbarment is mandatory because Birdwell's conviction for violating 18 U.S.C. § 371 became final and she was ineligible for suspension under Texas Rule of Disciplinary Procedure 8.06. See TEX.R. DISCIPLINARY P. 8.05. Accordingly, we reverse BODA's judgment and render judgment disbarring Birdwell.

Birdwell pleaded guilty to the felony offense of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, which provides, in relevant part:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371. Specifically, the judgment recites that Birdwell pleaded guilty to count twenty-eight as stated in the indictment, which charged that she did:

unlawfully, willfully, and knowingly conspire, combine, confederate, and agree ... to defraud the United States of America by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service ... in the ascertainment,

computation, assessment, and collection of federal income taxes.

After Birdwell's conviction became final, the State Bar initiated compulsory-discipline proceedings against her. Under the Texas Rules of Disciplinary Procedure, a licensed attorney may be subject to discipline in two ways: by the ordinary grievance process outlined in Parts II and III or by compulsory discipline, described in Part VIII. An attorney against whom an allegation of misconduct is made, pursuant to Parts II and III, is subject to discretionary discipline, ranging from private reprimand to disbarment. *See generally* TEX.R. DISCIPLINARY P. Part II, Part III. The underlying facts of the alleged misconduct and any mitigating circumstances may operate to determine the appropriate sanction.

In contrast, the compulsory-discipline procedure eliminates any discretion in the imposition of sanctions. Rule 8.01 requires the Chief Disciplinary Counsel to initiate a compulsory-discipline action when a licensed attorney has been convicted of an intentional crime or has been placed on probation, with or without an adjudication of guilt, for an intentional crime. Compulsory discipline turns solely on the validity of the record of conviction, the criminal sentence imposed, and the factual determinations that the attorney is licensed to practice law in Texas and is the same person as the party adjudged guilty. *See* TEX.R. DISCIPLINARY P. 8.04, 8.05, 8.06. Collateral matters are not considered; the convicted attorney faces mandatory discipline—suspension or disbarment—depending only on whether the attorney's criminal sentence was probated. *See* TEX.R. DISCIPLINARY P. 8.04, 8.05, 8.06.

■ During her hearing before the Board of Disciplinary Appeals, Birdwell argued that conspiring to defraud the United States is not a crime of moral turpitude and therefore does not qualify as an intentional crime for purposes of compulsory discipline. BODA found that Birdwell was an attorney licensed to prac-

tice law in Texas; she was convicted of Conspiracy to Impede and Impair the Internal Revenue Service under 18 U.S.C. § 371; and she was sentenced to an eight-month prison term. Without explicitly addressing the moral-turpitude issue, BODA concluded that the crime of conspiracy to impede and impair the Internal Revenue Service is not an "Intentional Crime" as defined in the Texas Rules of Disciplinary Procedure. BODA dismissed the State Bar's petition with prejudice. Under disciplinary rule 8.08, which gives either party to a compulsory-discipline case the right to appeal directly to the Supreme Court of Texas, the State Bar now appeals BODA's decision. *See* TEX.R. DISCIPLINARY P. 8.08. We review BODA's legal conclusion *de novo*. *See Duncan v. Board of Disciplinary Appeals,* 898 S.W.2d 759, 761 (Tex. 1995).

■ In determining whether Birdwell's conviction triggered compulsory discipline, we must decide whether a violation of 18 U.S.C. § 371 constitutes an intentional crime under the disciplinary rules. The disciplinary rules define "Intentional Crime" as:

> (1) any Serious Crime that requires proof of knowledge or intent as an essential element or (2) any crime involving misapplication of money or other property held as a fiduciary.

TEX.R. DISCIPLINARY P. 1.06(O). Birdwell does not dispute that the crime for which she was convicted requires proof of knowledge or intent as an essential element. However, she does contest the State Bar's position that violating section 371 is a "Serious Crime" as that phrase is defined in the disciplinary rules:

> barratry; any felony involving moral turpitude; any misdemeanor involving theft, embezzlement, or fraudulent or reckless misappropriation of money or other property; or any attempt, conspiracy, or solicitation of another to commit any of the foregoing crimes.

Tex.R. Disciplinary P. 1.06(U). The parties agree that conspiracy to defraud the United States in violation of 18 U.S.C. § 371 is a felony, punishable by a fine and imprisonment. Because none of the enumerated offenses in the definition apply except "any felony involving moral turpitude," deciding whether conspiracy to defraud the United States is a Serious Crime requires the threshold determination whether the crime is one of moral turpitude.

The State Bar points out that by pleading guilty, Birdwell admitted as true the necessary allegations of the criminal law under which she was charged: she knew of the liability for federal taxes; knowingly and voluntarily entered into an agreement the specific purpose of which was to defraud the IRS; knowingly and voluntarily participated in this conspiracy; and agreed to defraud the IRS by deceitful and dishonest means. The State Bar argues that BODA incorrectly ruled that violating section 371 is not an intentional crime under the disciplinary rules. According to the State Bar, conspiracy to defraud the United States by impeding and impairing the Internal Revenue Service necessarily is a crime of moral turpitude because it requires not only that the conspirator know that the objective is tax fraud, but that it be achieved by deceitful and dishonest means. Because conspiring to defraud the United States is a crime of moral turpitude, it is a serious crime under the disciplinary rules. And because a conspiracy to defraud the United States requires knowledge or intent, it satisfies the rules' definition of an intentional crime. Therefore, the State Bar concludes that Birdwell is subject to compulsory discipline.

Birdwell responds that BODA correctly decided that conspiracy to defraud the Internal Revenue Service is not an intentional crime because it does not involve moral turpitude *per se*. Birdwell argues that the term "defraud" in section 371 does not connote "fraud" as it is commonly understood. Birdwell asserts that conspiring to defraud the United States under section 371 means merely the intent to engage in conduct that impedes or impairs a government function, hence a conviction could lie even without the intent to conspire to commit a criminal act punishable by separate statute. As a result, Birdwell argues that 18 U.S.C. § 371 cannot properly be classified as a crime of moral turpitude. We disagree.

 Crimes involving dishonesty, fraud, deceit, misrepresentation, deliberate violence, or "that reflect adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer," are crimes of moral turpitude. *See Duncan v. Board of Disciplinary Appeals*, 898 S.W.2d 759, 761 (Tex. 1995); *In re Humphreys*, 880 S.W.2d 402, 408 (Tex.1994). Whether conspiracy to defraud the United States is a crime of moral turpitude depends on whether the elements of a section 371 violation involve the aforementioned characteristics. We hold that they do.

 Section 371 criminalizes two types of conspiracies—conspiracies "to commit any offense against the United States" and conspiracies "to defraud the United States, or any agency thereof." 18 U.S.C. § 371; *see United States v. Jackson*, 33 F.3d 866, 870 (7th Cir.1994). Because section 371 distinguishes between conspiracies to commit specific offenses against the United States and conspiracies to defraud the United States, a conviction under the defraud clause does not require the government to prove that the defendant violated a substantive offense separate from the violation of the defraud clause itself. *See United States v. Khalife*, 106 F.3d 1300, 1303 (6th Cir.1997); *Jackson*, 33 F.3d at 870; *United States v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir. 1993). To obtain a conviction for conspiracy to defraud the United States or one of its agencies, such as the IRS, the government must prove: (1) an agreement to accomplish an illegal objective against the United States; (2) one or more overt acts in furtherance of the illegal purpose; and

(3) the intent to commit the substantive offense (*i.e.*, to defraud the United States). *See United States v. Romer,* 148 F.3d 359, 370 (4th Cir.1998); *United States v. Furkin,* 119 F.3d 1276, 1279 (7th Cir.1997); *Jackson,* 33 F.3d at 872.

■ The weight of federal authority also establishes that a conviction under section 371 requires a conspiracy to impair, obstruct, or defeat a lawful government function "by deceit, craft or trickery, or at least by means that are dishonest," or a conspiracy to cheat the government out of property or money. *Hammerschmidt v. United States,* 265 U.S. 182, 188, 44 S.Ct. 511, 68 L.Ed. 968 (1924) (discussing predecessor to section 371); *see Tanner v. United States,* 483 U.S. 107, 128, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987); *Dennis v. United States,* 384 U.S. 855, 861, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). Thus, contrary to Birdwell's position, the government must prove that the alleged conduct is deceitful or dishonest to obtain a conviction under section 371. *See Caldwell,* 989 F.2d at 1059 n. 3. In fact, in *Hammerschmidt,* the Supreme Court overturned a conviction for conspiring to defraud the United States because in that case the defendants' interference with a lawful government function did not involve deceit or trickery. 265 U.S. at 189, 44 S.Ct. 511.

Without addressing the body of federal precedent establishing deceit or dishonesty as a requirement of a section 371 violation, Birdwell contends that *United States v. Tuohey,* 867 F.2d 534 (9th Cir.1989), controls here. Birdwell interprets that case as broadly holding that any action that impedes or impairs the lawful function of government can give rise to a section 371 conviction, and that moral turpitude is not an element of a section 371 charge. Birdwell reads *Tuohey* inaccurately.

The Ninth Circuit did hold that "defraud" means any willful impairment of a legitimate government function. The issue in *Tuohey,* however, was not whether section 371 required dishonesty or deceit for a conviction, but whether the statute required the defendant to defraud the government of specific property. 867 F.2d at 536–37. Nothing in *Tuohey* suggests that dishonesty is no longer required for a section 371 violation. And although the court noted in dicta that the government need not establish common-law fraud or moral turpitude to fall under section 371, the Ninth Circuit has since reaffirmed that a conviction for conspiring to defraud the United States requires a showing that the conspiracy was perpetrated by deceitful or dishonest means. *See Caldwell,* 989 F.2d at 1059.

■ Because we have previously held that crimes of moral turpitude include those that involve dishonesty, fraud, and deceit, or that reflect poorly on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, we conclude that a conviction for conspiring to defraud the United States is a crime of moral turpitude. *See Duncan,* 898 S.W.2d at 761; *In re Humphreys,* 880 S.W.2d at 408–09. Therefore, Birdwell is subject to the compulsory-discipline provisions of the Texas Rules of Disciplinary Procedure. At least two other jurisdictions have considered the issue and agree. The District of Columbia has held that a conviction under section 371 for conspiracy to defraud the IRS involves moral turpitude *per se* and subjects a lawyer to compulsory discipline. *See In re Matzkin,* 665 A.2d 1388, 1389 (D.C.1995); *In re Hirschfeld,* 622 A.2d 688, 691 (D.C.1993); *In re Meisnere,* 471 A.2d 269, 270–71 (D.C.1984). And California has disbarred an attorney adjudged guilty of conspiracy to defraud the United States because the crime is a felony involving moral turpitude. *See In re Crooks,* 51 Cal.3d 1090, 275 Cal.Rptr. 420, 800 P.2d 898, 901–02 (1990).

■ Because conspiracy to defraud the United States is a felony involving moral turpitude, it is a "Serious Crime" as defined in Texas Rule of Disciplinary Procedure 1.06(U). Conspiracy to defraud the

United States is an "Intentional Crime" under Texas Rule of Disciplinary Procedure 1.06(O) because the serious crime to which Birdwell pleaded guilty also requires proof of knowledge or intent as an essential element. Under Texas Rule of Disciplinary Procedure 8.05, Birdwell's disbarment is mandatory: she was convicted of an intentional crime and sentenced to a prison term that was not fully probated. Accordingly, we reverse BODA's judgment and render judgment disbarring Birdwell.