**In re James J. GORMLEY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 00–BG–250.**

District of Columbia Court of Appeals.

Submitted Feb. 26, 2002.

Decided March 14, 2002.

Before STEADMAN and GLICKMAN, Associate Judges, and KING, Senior Judge.

PER CURIAM:

Respondent James J. Gormley was convicted in federal court of conspiracy to commit wire fraud, securities fraud, and obstruction of justice, conspiracy to commit money laundering, aiding and abetting wire fraud, aiding and abetting money laundering, and perjury. According to the indictment, respondent facilitated a scheme to unjustly enrich himself and his co-conspirators by selling investments in sham offshore trading programs promising extraordinary yields.

The Board on Professional Responsibility ("the Board") has determined that at least four of respondent's convictions involve moral turpitude *per se* and recommends disbarment pursuant to D.C.Code § 11–2503(a) (1995). The Board's recommendation is unopposed.

We have previously held that perjury and conspiracy to commit wire fraud are crimes of moral turpitude *per se*. *In re Lobar,* 632 A.2d 110 (D.C.1993) (conspiracy to commit wire fraud); *In re Meisnere,* 471 A.2d 269 (D.C.1984) (perjury). Obstruction of justice also inherently involves moral turpitude, *In re Colson,* 412 A.2d 1160, 1165 (D.C.1979) (en banc), and therefore conspiracy to commit obstruction of justice is a crime of moral turpitude *per se. See In re Lobar, supra,* 632 A.2d at 111 ("where, as here, the object of the conspiracy is a crime involving moral turpitude, a conviction for conspiracy to commit the underlying offense is itself a crime inherently involving moral turpitude"). Each of respondent's convictions of these crimes mandates disbarment under D.C.Code § 11–2503(a).[1] Accordingly, it is

ORDERED that James J. Gormley is disbarred from the practice of law in the District of Columbia. We note that, although he has been suspended pursuant to D.C. Bar R. XI, § 10(c) since March 16, 2000, respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g). We direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. We need not, and therefore do not, decide whether any of respondent's other convictions involve crimes of moral turpitude *per se.*