

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 25, 2005

The Honorable Bruce Isaacks
Denton County Criminal District Attorney
127 North Woodrow Lane
Denton, Texas 76205

Opinion No. GA-0299

Re: Whether a bail bond surety who is convicted of violating section 1704.304(c) of the Occupations Code has committed a crime of moral turpitude for purposes of section 1704.302(c) thereof (RQ-0259-GA)

Dear Mr. Isaacks:

You ask whether a bail bond surety who is convicted of violating section 1704.304(c) of the Occupations Code has committed a crime of moral turpitude for purposes of section 1704.302(c) thereof.[1]

You indicate that a former bail bond surety was convicted after September 1, 2001 of violating section 1704.304(c) of the Occupations Code, a Class B misdemeanor. *See* Request Letter, *supra* note 1, at 1. That provision states:

> A bail bond surety or an agent of a bail bond surety may not solicit bonding business in a police station, jail, prison, detention facility, or other place of detainment for persons in the custody of law enforcement.

TEX. OCC. CODE ANN. § 1704.304(c) (Vernon 2004).[2] An offense under this provision is a Class B misdemeanor. *See id.* § 1704.304(e). You state that although the individual in question gave up his bail bond license at the time of his conviction, he is presently employed by a bail bond license holder. *See* Request Letter, *supra* note 1, at 1.

---

[1]*See* Letter from Honorable Bruce Isaacks, Denton County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Aug. 16, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Subsection (c) has not been amended since September 1, 2001.

Section 1704.302(c) of the Occupations Code provides:

> A person may not accept or receive from a license holder money, property, or any other thing of value as payment for employment with a bonding business if, within the preceding 10 years, the person has been convicted of a misdemeanor involving moral turpitude or of a felony.

TEX. OCC. CODE ANN. § 1704.302(c) (Vernon 2004). An offense under this provision is a Class A misdemeanor. *See id.* § 1704.302(d). You ask whether section 1704.302(c) is applicable to the person in question. *See* Request Letter, *supra* note 1, at 1. The answer to that question depends upon whether section 1704.304(c) describes a misdemeanor involving moral turpitude or a felony. Because a violation of that provision under the terms of the statute is a misdemeanor, we need to determine only whether a bail bond surety's solicitation of bonding business in a police station, jail, prison, detention facility, or other such place of detainment constitutes a crime of moral turpitude.

Historically, a crime of moral turpitude has been broadly construed to be one that denotes

> shameful wickedness – so extreme a departure from ordinary standards of honest[y], good morals, justice, or ethics as to be shocking to the moral sense of the community. It has also been defined as an act of baseness, vileness, or depravity in the private and social duties which one person owes to another, or to society in general, contrary to the accepted and customary rule of right and duty between people.

BLACK'S LAW DICTIONARY 1026 (7th ed. 1999) (quoting 50 AM. JUR. 2D *Libel and Slander* § 165, at 454 (1995)). Texas courts have held a number of offenses to be crimes of moral turpitude. *See, e.g., In re Birdwell*, 20 S.W.3d 685, 688-89 (Tex. 2000) (conspiring to defraud the United States); *In re Humphreys*, 880 S.W.2d 402, 407 (Tex. 1994) (tax evasion); *Hardeman v. State*, 868 S.W.2d 404, 407 (Tex. App.–Austin 1993), *pet. dism'd, improvidently granted*, 891 S.W.2d 960 (Tex. Crim. App. 1995) (assault by a man against a woman). Other cases have determined that a particular offense is not a crime of moral turpitude. *See, e.g., Lopez v. State*, 990 S.W.2d 770, 778 (Tex. App.–Austin 1999, no pet.) (misdemeanor offense of driving while intoxicated and driving while license is suspended); *Dallas County Bail Bond Bd. v. Mason*, 773 S.W.2d 586, 588 (Tex. App.–Dallas 1989, no writ) (offense of issuing bad check is not a crime of moral turpitude because it does not contain element of intent to defraud). We have found no Texas case that has held that a bail bond license surety's solicitation of business inside an area prohibited by section 1704.304(c) is a crime of moral turpitude. Likewise, we are not aware of any out-of-state judicial decision that has found similar conduct to be a crime of moral turpitude.

More recently, courts have settled upon a somewhat less baroque definition. *See Duncan v. Bd. of Disciplinary Appeals*, 898 S.W.2d 759, 761 (Tex. 1995); *Brown v. Tex. Dep't of Ins.*, 34 S.W.3d 683, 690 (Tex. App.–Austin 2000, no pet.). The Supreme Court of Texas has declared that

with regard to attorneys, "crimes involving moral turpitude are those that involve dishonesty, fraud, deceit, misrepresentation, deliberate violence, or that reflect adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." *Duncan*, 898 S.W.2d at 761; *accord In re Humphreys*, 880 S.W.2d at 408. A Texas appeals court has in turn determined that the same elements that implicate crimes of moral turpitude by attorneys are applicable to crimes of moral turpitude by licensed insurance agents. *See Brown*, 34 S.W.3d at 690 ("[M]oral turpitude is implicated by crimes that involve dishonesty, fraud, deceit, misrepresentation, deliberate violence, or that reflect adversely on a [licensee's] honesty, trustworthiness, or fitness as a [licensee] in other respects.") (citation omitted). Attorneys are of course bound by the Texas Rules of Disciplinary Procedure. If we disregard those aspects of the definition that relate exclusively to attorneys, we are left with the following elements, any one of which may constitute a crime of moral turpitude: dishonesty, fraud, deceit, misrepresentation, or deliberate violence. Section 1704.304(c) of the Occupations Code prohibits mere solicitation, without regard to motive or means. Although a bail bond surety's solicitation of clients inside an area prohibited by section 1704.304(c) is certainly an *intentional* crime, it is not one of deliberate violence. Neither can that offense be clearly labeled as one of dishonesty, fraud, deceit, or misrepresentation. You do not suggest that the surety misrepresented himself to a potential client, or that he recruited clients by means of fraud, deceit, or dishonesty. Apparently, what this individual did was simply to boldly declare himself to be a bail bond surety soliciting clients. That he did so inside an area prohibited by section 1704.304(c), while it may bear on his temerity, does not bear on his honesty.

We conclude that a bail bond surety who is convicted of soliciting clients inside an area prohibited by section 1704.304(c) of the Occupations Code has not committed a crime of moral turpitude for purposes of section 1704.302(c) of the Occupations Code.

## S U M M A R Y

A bail bond surety who is convicted of soliciting clients inside an area prohibited by section 1704.304(c) of the Occupations Code has not committed a crime of "moral turpitude" for purposes of section 1704.302(c) of the Occupations Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee