OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 1, 2001

The Honorable J.E. "Buster" Brown
Chair, Natural Resources Committee
Texas State Senate
P. O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0401

Re: Whether a property owner may, by filing an acknowledged exclusion statement, exclude the owner's property from the operation of subdivision deed restrictions modified under chapter 204 of the Property Code (RQ-0358-JC)

Dear Senator Brown:

On behalf of an individual property owner in Harris County, you ask whether a property owner may, by filing an acknowledged exclusion statement pursuant to chapter 201 of the Property Code, exclude the owner's property from the operation of subdivision deed restrictions modified by a petition initiated by a property owners' association under chapter 204 of the Property Code. We conclude in the negative.

You provide the following background to your request: In 1979, an individual purchased property in a residential subdivision in Harris County. In 1998, the subdivision residents formed a civic association that initiated a petition creating, modifying, and extending the subdivision's deed restrictions pursuant to chapter 204 of the Property Code. The revised deed restrictions included a mandatory dues assessment. The individual property owner attempted to exclude his property from the changed deed restrictions by filing an exclusion statement provided for by chapter 201 of the Property Code. The civic association, however, declined to acknowledge the exclusion, relying on a provision in chapter 204 stating that a property owners' association is not required to comply with the amendment and exclusion procedures of chapter 201. A dispute has now "arisen between the property owner and the civic association as to the effectiveness of the property owner's exclusion action and the interplay of Chapters 201 and 204 of the Texas Property Code."[1]

---

[1]Letter from Honorable J.E. "Buster" Brown, Chair, Senate Natural Resources Committee, to Honorable John Cornyn, Texas Attorney General, at 1 (Feb. 18, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

In view of this controversy, you ask:

> Does an acknowledged statement filed by a property owner pursuant to Sections 201.009(b)(4) and 201.007(a)(9) of the Texas Property Code exclude that property owner's property from changed restrictions instituted by a property owners' association even though property owners' associations are not required to comply with Section 201.009 based on [section] 204.005(a) of the Property Code?

Request Letter, note 1, at 3. To provide a legal context for your question, we briefly review the relevant provisions of chapters 201 and 204 of the Property Code.

Chapter 201, originally enacted by the legislature in 1985, provides a procedure for extending, creating, or modifying deed restrictions in residential subdivisions located wholly or partly in a city with a population exceeding 100,000; in the unincorporated area of a county with a population of 2,400,000 or more; or in the unincorporated or incorporated area of a county with a population of 190,000 or more that is adjacent to a county with a population of 2,400,000 or more. *See* TEX. PROP. CODE ANN. § 201.001(a) (Vernon Supp. 2001) (application); *id* § 201.002(b) (purpose) (Vernon 1995); *see also id.* § 201.001(b), (c) (Vernon Supp. 2001) (excluding certain subdivisions); Act of May 24, 1985, 69th Leg., R.S., ch. 309, § 1, 1985 Tex. Gen. Laws 1364. A petition to extend, create, or modify restrictions may be filed "by or on behalf of [property] owners." TEX. PROP. CODE ANN. § 201.006(a) (Vernon 1995). The petition is effective if signed and acknowledged by the requisite number of owners of any one of the several classifications set out in the statute and filed with the county clerk of each county in which the subdivision is located. *See id.* § 201.006(b), (d). The extended, added, or modified restrictions of an effective petition "apply to and burden all of the property in the subdivision *except property excluded under Section 201.009.*" *Id.* § 201.004(c) (emphasis added). Section 201.007(a) sets out numerous items that must be contained in a petition filed under chapter 201, including the following exclusionary statement:

> (9) a statement that owners who do not sign the petition may delete their property from the operation of the extended, created, added to, or modified restriction by filing a statement described in the fourth listed category in Section 201.009(b) before one year after the date on which the owner receives actual notice of the filing of the petition authorized by this chapter.

*Id.* § 201.007(a)(9). Section 201.009(b) in turn provides that "[a] restriction added, modified, created, or extended under this chapter does not affect or encumber property within the subdivision" in the categories set out, including the following:

> (4) property of an owner who did not sign the petition and who files, before one year after the date on which the owner received actual notice of the filing of the petition, an acknowledged statement

describing the owner's property by reference to the recorded map or plat of the subdivision and stating that the owner elects to have the property deleted and excluded from the operation of the extended, modified, changed, or created restriction;

*Id.* § 201.009(b)(4). At issue here is whether a property owner may, by filing the exclusion statement referenced in sections 201.004(c), 201.007(a)(9), and 201.009(b)(4), exclude the owner's property from the operation of deed restrictions extended, created, or modified pursuant to chapter 204 of the Property Code.

Chapter 204 of the Property Code was enacted in 1995 to "provide a less burdensome procedure for extending the term of, adding to, or modifying residential real estate restrictions by approval and circulation of a petition by a property owners' association." Act of May 27, 1995, 74th Leg., R.S., ch. 1040, § 1(c)(1), 1995 Tex. Gen. Laws 5170, 5171. The statute applies generally to residential subdivisions, excluding condominium developments governed by title 7 of the Property Code, that are located wholly or partly in a county with a population of 2.8 million or more. *See* TEX. PROP. CODE ANN. § 204.002 (Vernon Supp. 2001). It designates a "property owners' association" as a "representative of the owners of property in a subdivision," *id.* § 204.004(a); authorizes the creation of a property owners' association in a subdivision that has been unable to create one because of existing property restrictions if the owners of at least sixty percent of the real property petition to do so, *see id.* § 204.006; and sets out the powers the associations may exercise, *see id.* §§ 204.005, .010. In particular, section 204.005 provides that:

(a) A property owners' association has authority to approve and circulate a petition relating to the extension of, addition to, or modification of existing restrictions. *A property owners' association is not required to comply with Sections 201.009-201.012.*

(b) A petition to extend, add to, or modify existing restrictions approved and circulated by a property owners' association is effective if:

(1) the petition is approved by the owners . . . of at least 75 percent of the real property in the subdivision or a smaller percentage required by the original dedicatory instrument; and

(2) the petition is filed as a dedicatory instrument with the county clerk of the county in which the subdivision is located.

(c) If a subdivision consisting of multiple sections, each with its own restrictions, is represented by a single property owners' association, the approval requirement may be satisfied by obtaining approval of at least 75 percent of the owners on a section-by-section

basis or of the total number of properties in the property owners' association's jurisdiction.

> (d) *If approved, the petition is binding on all properties in the subdivision or section, as applicable.*

*Id.* § 204.005(a)-(d) (emphases added).

We conclude that a property owner may not exclude the owner's property from the effects of deed restrictions modified under chapter 204 by filing an acknowledged statement of exclusion. Neither section 204.005 nor another provision in chapter 204 by its terms excludes or provides for the exclusion of any property from the effects of modified deed restrictions. A chapter 204 petition if approved is "binding on *all properties* in the subdivision," without any exceptions. *See id.* § 204.005(d) (emphasis added). *Compare id., with* § 201.004(c) (Vernon 1995) (providing that modified restrictions "apply to and burden all of the property in the subdivision except property excluded under Section 201.009"). Furthermore, the exclusionary provisions of chapter 201 are unavailable with respect to deed restrictions modified under chapter 204 because section 204.005(a) specifically provides that an "association is not required to comply with Sections 201.009-201.012 [of the Property Code.]" *Id.* § 204.005(a) (Vernon Supp. 2001); *see also* TEX. GOV'T CODE ANN. § 311.016(7) (Vernon 1998) (Code Construction Act) ("'Is not required to' negates a duty or condition precedent."). Section 201.009(b) sets out categories of property that are not subject to deed restrictions modified under that chapter, including property of an owner who did not sign the petition changing the restrictions and who files an acknowledged statement excluding the owner's property from those restrictions. *See* TEX. PROP. CODE ANN. § 201.009(b) (Vernon 1995). Because section 201.009(b) deals with property excluded from the modified restrictions, rather than the *powers or duties* of a property owners' association, the only reasonable construction of the section 204.005(a) provision that "[a] property owners' association is not required to comply with Sections 201.009-201.012" is that the section 201.009 exclusion provisions are not available with respect to restrictions instituted by a property owners' association under chapter 204. *See* TEX. GOV'T CODE ANN. § 311.021(2), (4) (Vernon 1998) (Code Construction Act) (in construing statute, presume legislature intended entire statute to be effective and a result feasible of execution).

We disagree with the property owner's contention that an owner may exclude property by filing an exclusion statement because the section 204.005(a) provision, by its terms, applies only to *property owners' associations* and does not prevent *property owners* from utilizing section 201.009(b)(4) to exclude their property. *See* Request Letter, *supra* note 1, at 2. [2] This construction not only renders the section 204.005(a)'s language referencing section 201.009 superfluous, but is also contrary to the intent of the statute as a whole not to exclude property. Again, there is no provision in chapter 204 excluding property from the effects of a changed restriction if an acknowledged exclusion statement is filed. If the legislature had intended that certain property be

---

[2]*See also* Brief from Craig E. Ferrell, Jr., to Susan D. Gusky, Chair, Opinion Committee, Office of Attorney General (Apr. 12, 2001) (on file with Opinion Committee) [hereinafter Ferrell Brief].

excluded, it would have so expressly provided as it did in chapter 201. And, if the legislature had intended the exclusion provision of chapter 201 to apply by reference, it would have so expressly provided as it did elsewhere in chapter 204. Section 204.001 defining various terms, for instance, provides that the terms "restrictions," "residential real estate subdivision," "subdivision," "owner," "real property records," and "lienholder," have the "meanings assigned by Section 201.003." TEX. PROP. CODE ANN. § 204.001(1) (Vernon Supp. 2001). Similarly, section 204.006, which authorizes the creation of property owners' associations in certain subdivisions unable to create such an association because of existing deed restrictions, requires a petition committee "formed as prescribed by Section 201.005." *Id.* § 204.006(a). Because the legislature in chapter 204 omitted any provision regarding exclusion of property from the effects of amended deed restrictions, we presume that it did not intend property to be so excluded. *See In re Ament*, 890 S.W.2d 39, 41 (Tex. 1994) (omissions in an enactment are presumed intentional); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) ("[E]very word excluded from a statute must . . . be presumed to have been excluded for a purpose.").

That the legislature did not intend property to be excluded pursuant to section 201.009(b)(4) is supported by the legislative history. Apparently, one of the reasons for adopting chapter 204 was the perceived problems resulting from the "opt-out" provisions of chapter 201. A proponent of the legislation explaining the necessity for chapter 204, testified that:

> The problem with that amendatory process [of chapter 201] is that it has an opt-out provision. . . . Secondly, anybody who votes against it isn't bound by it. So, it creates – basically, if it did pass, it would create a checkerboard-square-type subdivision where you might have fifty or sixty percent that voted for [the new restrictions] that would be bound by the new set of restrictions and then you might have fifteen or twenty percent . . . that voted against it who would not be bound by the new restrictions. So, the HOA would be faced with what in essence would be two classes of membership. And that's the problem with the existing statute.

*Hearing on Tex. H.B. 2152 Before the House Comm. on Land & Res. Mgmt*, 74th Leg., R.S. (Apr. 18, 1995) (statements of Michael Gaines, Cypress Creek United Civic Ass'n).

Finally, we disagree with the property owner's alternative contention that property may be excluded pursuant to section 201.007(a)(9) from which a property owners' association is not exempted under section 204.005(a). *See* Request Letter, *supra* note 1, at 2; Ferrell Brief, *supra* note 2, at 2-3. Section 201.007(a)(9) requires "[a] petition filed under *this chapter*" to include "a statement that owners who do not sign the petition may delete their property from the operation of the extended, created, added to, or modified restriction by filing a statement described in the fourth listed category in Section 201.009(b) before one year after the date on which the owner receives actual notice of the filing of the petition authorized by *this chapter*." TEX. PROP. CODE ANN. § 201.009(a)(9) (Vernon 1995) (emphasis added). First, this provision by its terms applies only to a

petition under chapter 201, and nothing in chapter 204 requires a petition to conform to the requirements of section 201.007. Second, section 201.007(a)(9) is simply an adjunct to the section 201.009(b)(4) exclusion provision, rather than a separate and independent exclusion category. Third, and more importantly, for the reasons discussed above, we do not believe that the legislature intended property to be excluded from the effects of deed restrictions extended, added, or modified under chapter 204 by the filing of an acknowledged exclusion statement.

## SUMMARY

A property owner may not exclude the owner's property from the operation of subdivision deed restrictions added or modified by a petition initiated by a property owners' association under chapter 204 of the Property Code by filing an acknowledged exclusion statement provided for under chapter 201 of the Property Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee