IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 07-0484
════════════
 
In the Matter of Rolando 
Caballero
 
 
══════════════════════════════════════════════
On Appeal From the Board of Disciplinary 
Appeals
══════════════════════════════════════════════
 
Argued April 2, 
2008
 
 
            
Justice Willett, 
joined by Justice Medina, 
dissenting.
 
            
Like the Court, I would attempt to harmonize Rules 8.05 and 8.06 of the 
Rules of Disciplinary Procedure and give meaning to each.[1] However, the Court sees discretion where 
I see only mandatory options for discipline. Because I believe the Court’s 
attempt to harmonize the relevant rules and rulings strikes a discordant note, I 
respectfully dissent.
            
The parties do not dispute that the compulsory discipline rules apply. 
Rule 8.05, titled “Disbarment,” provides that the Board of Disciplinary Appeals 
(BODA) “shall” disbar an attorney who is convicted of, or has accepted probation 
for, an Intentional Crime. The use of “shall” makes the Rule mandatory and 
“imposes a duty.”[2] 
            
The only exception mentioned in Rule 8.05 is Rule 8.06, titled 
“Suspension.” Rule 8.05 states that the attorney “shall be disbarred unless” 
BODA, “under Rule 8.06, suspends his or her license to practice law.” As we 
observed in Sanchez v. Board of Disciplinary Appeals, “Rule 8.05 mandates 
disbarment for a final conviction . . . except when Rule 8.06 applies.”[3] Rule 8.06 sets out the exception by 
providing that if the attorney’s sentence is “fully probated” (emphasis 
added), BODA shall suspend the attorney “during the term of probation.”[4] We have so observed: BODA “is required to 
disbar an attorney” under Rule 8.05 “who is convicted of an intentional crime 
and whose sentence is not fully probated.”[5] Like Rule 8.05, Rule 8.06 is mandatory by 
its terms.
            
I would reconcile the rules, and honor the mandatory “shall” used in 
both, by holding that when mandatory discipline is warranted, Rule 8.06 applies 
if the sentence is fully probated, and Rule 8.05 applies if the attorney’s 
sentence is less-than-fully probated. Which is to say, BODA must disbar under 
Rule 8.05 if the attorney is sentenced to jail or to a combination of jail and 
probation, and BODA must suspend under Rule 8.06 (up to the length of the 
probated sentence) if the sentence is fully probated. Because Caballero’s 
sentence was fully probated, I would hold that BODA was only authorized to 
suspend his license.
            
The plain language of the rules supports this result, and so does our 
prior precedent. In Sanchez, the Court held that Rule 8.05 mandates 
disbarment “except when Rule 8.06 applies,” and it did “not apply to Sanchez 
because his sentence, a fine of $500, was not probated.”[6] Later that same year, in In re Ament, we 
noted that the relevant disciplinary rules previously gave discretion to disbar 
an attorney who received a fully probated sentence, but under Rule 8.06, “[t]he 
provision providing for discretionary, additional punishment is 
omitted.”[7] We described this omission as the “one, 
crucial” change in the rule.[8] Today the Court re-inserts that omitted 
discretion.
            
Seven years after Sanchez, we observed in In re Lock that the mandatory language of the 
two rules should be applied according to the nature of the sentence without 
regards for details that would ordinarily inform a discretionary review: “An 
attorney guilty of an intentional crime must be either suspended or 
disbarred—depending solely on whether the attorney’s criminal sentence was 
probated—without regard for any collateral matters, and without any 
consideration or inquiry into the facts of the underlying criminal case.”[9]
            
In that case we seemed to reject the view that BODA has discretion to 
either disbar or suspend a lawyer regardless of whether the sentence was fully 
probated. The Court today would allow language in Rule 8.05 concerning 
disbarment to confer discretion over suspension when the rule actually governing 
suspension leaves no room for such discretion. The more natural reading is that 
Rule 8.05 requires disbarment “unless” Rule 8.06 applies, at which point 
suspension is required. This construction comports with our analysis in 
Sanchez, Ament, and Lock and 
harmonizes the plain language of both rules.[10]
            
I understand the Court’s desire to grant BODA flexibility, but my reading 
of the rules and our pertinent precedent compels me to respectfully dissent.
 
 
            
_______________________________________
            
            
            
            
            
            
Don R. Willett
            
            
            
            
            
            
Justice
 
OPINION DELIVERED: 
December 19, 2008






[1] 
See Elledge v. Friberg-Cooper Water Supply Corp., 240 S.W.3d 869, 
870-71 (Tex. 2007) (per curiam); Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 
493 (Tex. 
2001).

[2] 
Tex. Gov’t Code § 311.016(2); 
In re Gen. Elec. Co., ___S.W.3d___,___ 
(Tex. 
2008).

[3] 
877 S.W.2d 751, 751 (Tex. 1994).

[4] 
Rule 8.06 also applies where the attorney receives “probation through deferred 
adjudication.” Deferred adjudication is imposed in lieu of further prosecution 
to a conviction that can be punished by a term of incarceration, and hence is 
always “fully probated” in the sense that the defendant receives no jail time so 
long as he complies with the terms of the deferred adjudication. See, e.g., Tex. Crim. Proc. Code art. 42.12, 
§ 5 (providing for community supervision in lieu of further proceedings to 
adjudicate guilt under deferred adjudication procedure).

[5] 
In re Ament, 890 S.W.2d 39, 41 n.2 (Tex. 1994) (emphasis 
added).

[6] 877 S.W.2d at 
751-52.

[7] 
890 S.W.2d at 40-41 (emphasis in original).

[8] 
Id. at 
41.

[9] 
54 S.W.3d 305, 306-07 (Tex. 2001) (emphasis added).

[10] The Court’s decision also leads to a 
strange gap in discipline. Ament held that the 
suspension period for a fully probated sentence under Rule 8.06 is limited to 
the period of probation. 890 S.W.2d at 41. As the Court 
expresses no interest in disturbing the holding of Ament, I take it to hold today that BODA can now 
disbar an attorney receiving a short, fully probated sentence, such as the 
five-minute probated sentence at issue in Ament, or else impose a suspension limited to the 
term of probation. Meanwhile, a suspension longer than the term of probation, 
but nevertheless short of disbarment, is disallowed. I find this result strained 
and unnecessary under the language of the relevant 
rules.