Rudy SANCHEZ, Jr., Appellant,

v.

BOARD OF DISCIPLINARY
APPEALS, Appellee.

No. D–3850.

Supreme Court of Texas.

April 20, 1994.

Rehearing Overruled June 2, 1994.

Rudy Sanchez, Jr., Floresville, Allan K. DuBois, San Antonio, for appellant.

Thomas H. Watkins, Christine E. McKeeman, Linda A. Acevedo, Austin, for appellee.

PER CURIAM.

Attorney Rudy Sanchez, Jr. was convicted of misdemeanor theft upon his plea of guilty and fined $500 by the court. Consequently, the General Counsel of the State Bar of Texas petitioned the Board of Disciplinary Appeals to disbar Sanchez. BODA granted the petition, and Sanchez appeals. We affirm.

Sanchez was disbarred in accordance with Rule 8.05, Texas Rules of Disciplinary Procedure, which provides in pertinent part: "When an attorney has been convicted of an Intentional Crime, and that conviction has become final, ... the attorney shall be disbarred unless the Board of Disciplinary Appeals, under Section 8.06, suspends his or her license to practice law." TEX.R.DISCIPLINARY P. 8.05 (1992), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp. 1994). An "Intentional Crime" is defined to include a "Serious Crime" which requires proof of knowledge or intent as an essential element of the offense. *Id.* 1.06(O). "Serious Crime" is defined to include "any misdemeanor involving theft." *Id.* 1.06(U). Thus, Rule 8.05 mandates disbarment for a final conviction of misdemeanor theft except when Rule 8.06 applies. Rule 8.06 states, in pertinent part: "If an attorney's sentence upon conviction of a Serious Crime is fully probated, ... the attorney's license to practice law

shall be suspended during the term of probation." Rule 8.06 does not apply to Sanchez because his sentence, a fine of $500, was not probated.

 Sanchez complains that Rules 8.05 and 8.06 result in very disparate treatment of attorneys convicted of criminal conduct. An attorney like Sanchez, who is convicted of a relatively minor crime and receives a light sentence, is subject to mandatory disbarment if the sentence is not probated, while an attorney convicted of a far more serious crime who receives a heavy sentence that is probated may only be suspended for the probation period. This is so unjust and illogical a result, Sanchez argues, that the rules violate constitutional guarantees of substantive due process and equal protection. We disagree. The criminal court in this case was authorized to consider mitigating circumstances in deciding whether to probate Sanchez' sentence. Tex.Code Crim.Proc.Ann., art. 42.12, § 3(a) (Vernon Supp.1993). The court could have considered—and we must presume that it did consider—the potential impact of the sentence upon Sanchez' future livelihood, including his right to practice law. When sentencing judges and juries have it within their power to determine whether disbarment or suspension will result from the punishment imposed on an attorney in a criminal case, the Disciplinary Rules do not require disparate results. We express no opinion on the merits of Sanchez' argument in circumstances in which probation is not permitted by law.

Sanchez also argues that mandatory disbarment violates the state constitutional prohibition against excessive fines, Tex. Const. art. I, § 13, and denies him his right to a jury trial, id. § 15. We reject both arguments. Disbarment is not an excessive penalty for a criminal conviction, and there is no right to a jury trial before the imposition of disciplinary sanctions against an attorney, except in connection with the criminal charges. *In re Humphreys*, 880 S.W.2d 402, 404 (Tex.1994).

Finally, Sanchez argues that he resorted to theft because of alcoholism and drug addiction, and that he has therefore in effect been disbarred for a disability when the maximum sanction for such conduct under Rules 12.01–.13 is suspension. These rules, however, are not the exclusive basis for sanction of conduct involving a disability. When alcoholism and drug addiction lead to a conviction for a "Serious" or "Intentional" crime, Rules 8.05 and 8.06 provide the appropriate basis for discipline.

Sanchez' disbarment is affirmed.