In the Matter of John S. AMENT.

No. 94–0456.

Supreme Court of Texas.

Dec. 22, 1994.

Steven D. Peterson, Harahan, LA, John S. Ament, Jacksonville, William W. Kilgarlin, Santa Fe, NM, for appellant.

Christine E. McKeeman, Thomas H. Watkins, Dawn Miller, James M. McCormack, Linda A. Acevedo, Austin, Alene Ross Levy, Houston, for appellee.

PER CURIAM.

In this case we must decide whether, in the context of compulsory discipline, the Board of Disciplinary Appeals may suspend an attorney for a period of time which exceeds the probationary period received by that attorney in a criminal proceeding. Because we find that the Board of Disciplinary Appeals has exceeded the power delegated to it under the Rules of Disciplinary Procedure,

we modify the suspension of the Board of Disciplinary Appeals.

In May 1988, John S. Ament executed a promissory note payable to the Texas National Bank of Jacksonville. Ament received a cashier's check from the Bank and gave the proceeds to Edwin and Wayne Brown; however, all parties involved failed to repay the note. Ament subsequently entered a plea of no contest to procuring the execution of document by deception. The district court placed Ament upon unadjudicated probation for 5 minutes which was successfully completed.

Consistent with his obligations under the disciplinary rules, Ament timely reported his criminal probation to the State Bar. On September 17, 1993, the Grievance Committee for State Bar District Number 1–B filed a disciplinary petition against Ament in district court in Cherokee County. The disciplinary petition was based upon alleged professional misconduct arising from the loan transaction. On September 20, 1993, the Chief Disciplinary Counsel of the State Bar of Texas filed a petition in the Board of Disciplinary Appeals seeking compulsory discipline against Ament arising from the criminal plea and probation. On January 4, 1994 in the discipline case in Cherokee County, Ament received a public reprimand, was suspended from the practice of law for one year, the suspension was probated for two years, and Ament was required to perform pro bono legal services.

On May 9, 1994, in the compulsory discipline case, the Board of Disciplinary Appeals issued an order suspending Ament from the practice of law for one year, notwithstanding the disciplinary adjudication which *required* Ament to practice law by providing pro bono legal services. The suspension became effective as of the date of the order. This court stayed the Board of Disciplinary Appeals' suspension order on June 6, 1994.

■ The power to suspend an attorney pursuant to a summary, compulsory discipline proceeding is granted to the Board of Disciplinary Appeals in Rule 8.06 of the Rules of Disciplinary Procedure. That rule provides that if an attorney receives probation through deferred adjudication, "the attorney's license to practice law *shall be suspended during the term of probation.*" Tex. R.Disc.P. 8.06 (emphasis added). The State Bar argues that this sentence provides the floor, below which the period of suspension may not fall. Mr. Ament argues that it is the ceiling, above which suspension may not climb. We agree with Mr. Ament.

■ Two different types of attorney discipline are involved in this case: (1) compulsory discipline pursuant to Part VIII of the Rules of Disciplinary Procedure upon the conviction or probation of an attorney for specified, criminal conduct; and (2) professional discipline pursuant to Part II of the Rules of Disciplinary Procedure for the professional misconduct which the attorney's criminal acts constituted. Prior to the creation of the Board of Disciplinary Appeals by the promulgation of the Rules of Disciplinary Procedure, compulsory discipline could only be sought in the county of the lawyer's residence, the same forum as generic disciplinary actions involving professional (as opposed to criminal) misconduct. The former provision for compulsory discipline suspensions provided:

> If an attorney's sentence upon conviction of a serious crime is fully probated ... the attorney shall be suspended during the term of such probation; *however, upon notice and hearing the court in the disciplinary action may impose upon an attorney who has received probation such further disciplinary sanction as may be warranted, including disbarment.*

State Bar Rules Art. 10, § 26(G) (now repealed, emphasis added).

With the promulgation of the Texas Rules of Disciplinary Procedure, the Board of Disciplinary Appeals was created and the functions of discipline for professional misconduct and compulsory discipline for criminal convictions were separated. Now, investigatory committees investigate professional misconduct in the county where the conduct occurred in whole or in part, with evidentiary panel proceedings generally occurring in the county where the attorney's practice is located and optional trial de novo in a district court of proper venue. *See* Tex.R.Disc.P.

2.10 & 2.14. The parties may *appeal* to the Board of Disciplinary Appeals any finding, conclusion, or sanction imposed by the evidentiary panel. *Id.* at Rule 2.21. However, the Board of Disciplinary Appeals is given initial authority over *compulsory* discipline upon the adjudication or probation of a lawyer for specific types of criminal conduct. Tex.R.Disc.P. 8.01. The rule under which Board of Disciplinary Appeals presently exercises this authority is identical to the old compulsory discipline rule, except in one, crucial aspect. The provision providing for discretionary, additional punishment *is omitted. Id.* at Rule 8.06.

In a "statutory construction" sense, omissions such as this are presumed to be intentional. *Cammeron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981). Further, the Board of Disciplinary Appeals is a creation of the rules. When a creature of "statute" is given a "statutory" remedy, that remedy is exclusive. *McGregor v. Clawson,* 506 S.W.2d 922, 928 (Tex.Civ.App.—Waco 1974, no writ) (citing *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (Tex.1926)). In addition, other provisions for compulsory discipline imply that suspension for compulsory discipline and the period of probation coincide, the disciplined attorney being entitled to reinstatement upon the completion or reversal of his probated sentence.[1]

The State Bar argues that it must have discretion to extend Ament's suspension because five minutes suspension is "no punishment at all." However, retribution and deterrence are not the principal reasons for which compulsory discipline exists. The remedial purpose advanced in favor of compulsory disciplinary proceedings is protection of the public from attorneys who are under the disability of criminal censure, without regard to whether grievance committees in a given district are diligent in pursuing the actual conduct involved. *See Bailey v. State,* 575 S.W.2d 418, 420 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.).

The remedial goal of protecting the public from criminally censured attorneys is fulfilled if suspension is limited to the period of probation, which period was determined by the criminal court based upon the underlying conduct along with the aggravating and mitigating circumstances relevant to sentencing. In *Sanchez v. Board of Disciplinary Appeals,* 877 S.W.2d 751 (Tex.1994) this court held that the criminal court is presumed to consider the mandatory disbarment which will result when it opts for incarceration over probation.[2] This same principle works in reverse. When an attorney receives a very light probationary sentence, the criminal court is presumed to have considered whether the attorney is then or soon will be fit to practice law. To be sure, additional discipline for the underlying professional misconduct may occur. *See* Tex.R.Disc.P. 8.01. However, these proceedings must (and did in this case) occur in a different forum. *See* Tex.R.Disc.P. 2.10 & 2.14.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants Ament's Appeal and, without hearing oral argument modifies the judgment of the Board of Disciplinary Appeals to provide that Ament be suspended for five minutes and affirms the suspension as modified. That period having already been served by Ament prior to our stay of June 6, 1994, Ament's compulsory discipline suspension is complete.[3] However, Ament remains subject to

---

1. *See, e.g.,* Tex.R.Disc.P. 8.06:

    If an attorney is suspended during the term of probation, the suspension *shall be conditioned upon the attorney's satisfactorily completing the terms of probation.* If the probation is revoked, the attorney shall be disbarred. An early termination of probation does not result in reinstatement until the entire probationary period, as originally assessed, has expired.

    *Id.* (emphasis added). *See also* Tex.R.Disc.P. 8.04 ("Any suspension ordered during the appeal of a criminal conviction or probation without an adjudication of guilt is interlocutory and *immedi-*

*ately terminates if the conviction or probation is set aside or reversed.")* (emphasis added).

2. The Board of Disciplinary Appeals is required to disbar an attorney who is convicted of an intentional crime and whose sentence is not fully probated. Tex.R.Disc.P. 8.05.

3. Since Ament has already successfully completed the maximum period for which the Board of Disciplinary Appeals could have suspended him in this case, it is not necessary to consider the remaining issues in this appeal and we express no opinion concerning their validity.

the judgment arising from the disciplinary action in Cherokee County.