**In the Matter of Eugene X. MERCIER.**

**No. 06–1008.**

Supreme Court of Texas.

Dec. 21, 2007.

James R. Harris and Andrew M. Green-well, Harris & Greenwell, L.L.P., Corpus Christi, TX, for Appellant.

Stephen A. Moyik, Asst. Disciplinary Counsel, Linda A. Acevedo, Asst. Disciplinary Counsel, and Gayle Riley Vickers, Board of Disciplinary Appeals, Austin, TX, for Appellee.

PER CURIAM.

Upon conviction of certain crimes, an attorney's license must be suspended pending appeal. The Board of Disciplinary Appeals did so here, but also provided in the order that the attorney "shall be disbarred" if the conviction was affirmed. The petitioner appeals on various grounds from the latter part of the order. Because we agree the Board's order of disbarment is premature, we reverse that portion of the order and affirm the rest.

The Texas Rules of Disciplinary Procedure provide two means for disciplining attorneys: (1) standard procedures in which grievance panels or district courts determine violations and sanctions, and (2) compulsory procedures upon conviction of "Serious" or "Intentional" crimes. TEX.R. DISCIPLINARY P. Parts II, III, & VIII, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. A–1. In compulsory cases, the conviction alone constitutes a violation of the professional rules, and the mandatory sanction is either suspension or disbarment. *See* TEX.R. DISCIPLINARY P. 8.01–.08.

A jury convicted attorney Eugene X. Mercier of conspiracy to commit barratry and the trial court sentenced him to six months' confinement suspended for two years' community supervision. Mercier's appeal of the conviction is still pending. Because a barratry conviction is both a "Serious" and "Intentional" crime, it is undisputed here that the compulsory discipline rules apply. Pending his criminal appeal, the Board of Disciplinary Appeals suspended Mercier's license to practice law as required by Rule 8.04, which states in pertinent part:

> When an attorney has been convicted of an Intentional Crime ... he or she shall be suspended as an attorney licensed to practice law in Texas during the appeal of the conviction or the order of deferred adjudication.... Any suspension ordered during the appeal of a criminal conviction or probation without an adjudication of guilt is interlocutory and immediately terminates if the conviction or probation is set aside or reversed.

TEX.R. DISCIPLINARY P. 8.04. Mercier does not challenge this part of the Board's order.

But he does challenge a part of the order providing for disbarment if his conviction is affirmed. While his principal complaint is that the Board may suspend but not disbar him because his sentence was fully probated, we do not reach that question because we agree with his alternate argument that consideration of this issue is premature.

When an attorney's license has been suspended pending a criminal appeal, Rule 8.05 provides for disbarment only after the conviction becomes final:

> When an attorney has been convicted of an Intentional Crime, and that conviction has become final, or the attorney has accepted probation with or without an adjudication of guilt for an Intentional Crime, the attorney shall be disbarred unless the Board of Disciplinary Appeals, under Rule 8.06, suspends his or her license to practice law. *If the attorney's license to practice law has been*

*suspended during the appeal of the criminal conviction,* the Chief Disciplinary Counsel shall file a motion for final judgment of disbarment with the Board of Disciplinary Appeals. If the motion is supported by affidavits or certified copies of court documents showing that the conviction has become final, the motion shall be granted without hearing, unless within ten days following the service of the motion pursuant to Rule 21a of the Texas Rules of Civil Procedure, upon the attorney so convicted or his or her attorney of record, the attorney so convicted files a verified denial contesting the finality of the judgment, in which event the Board of Disciplinary Appeals will immediately conduct a hearing to determine the issue. If no Disciplinary Action is pending at the time the conviction becomes final, disbarment shall be initiated by filing a Disciplinary Action.

*Id.* 8.05 (emphasis added). As both this Rule and the Board's order provide, disbarment cannot take place until (1) a conviction is final, (2) the Chief Disciplinary Counsel files a motion, (3) the attorney is given an opportunity to contest finality. And as Rule 8.04 and the Board's order further provide, compulsory disbarment is not an option if the conviction is reversed. As all these events have yet to occur, we agree the portion of the Board's order regarding disbarment, even though conditional, was premature.

Accordingly, without hearing oral argument, *see* Tex.R. Disciplinary P. 7.11, we reverse the part of the Board's order regarding disbarment without prejudice to refiling, and affirm the remainder.