**In the Matter of Rolando CABALLERO.**

No. 07–0484.

Supreme Court of Texas.

Argued April 2, 2008.

Decided Dec. 19, 2008.

Royal K. Griffin, Christine Chemell, San Antonio TX, for Appellant.

Gayle Riley Vickers, Christine E. McKeeman, Board of Disciplinary Appeals, Linda A. Acevedo, Asst. Disciplinary Counsel, Austin, Cynthia W. Hamilton, Assistant Disciplinary Counsel, San Antonio TX, for Appellee.

Justice GREEN delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice O'NEILL, Justice WAINWRIGHT, Justice BRISTER, and Justice JOHNSON joined.

The issue in this case is straightforward: under the compulsory discipline process set forth in the Texas Rules of Disciplinary Procedure, when an attorney's sentence has been fully probated, does the Board of Disciplinary Appeals (BODA) have discretion to disbar that attorney, or may it only suspend him for the length of the probation term? We hold that the rules give BODA discretion to disbar the attorney, and, therefore, affirm BODA's judgment of disbarment.

### I

In 2004, Rolando Caballero was indicted in federal district court for wire fraud and mail fraud. After a plea agreement, he pled guilty to the mail fraud charge. The trial court placed him on supervised probation for five years and ordered him to pay restitution of $57,937.50 plus a mandatory special assessment of $100.00. The prosecutor did not pursue the wire fraud charges further. The Chief Disciplinary Counsel of the Commission for Lawyer Discipline brought a compulsory disciplinary action against Caballero. Following a hearing on March 23, 2007, BODA entered a judgment disbarring Caballero. Caballero moved for a new trial but his motion was denied. Caballero then appealed to this Court. *See* Tex.R. Disciplinary P. 7.11 (providing for direct appeal to the Supreme Court).[1]

### II

The attorney disciplinary process is divided into two types of proceedings: the standard grievance procedure and the compulsory discipline procedure. *See In re Lock,* 54 S.W.3d 305, 306 (Tex.2001). The standard grievance procedure applies in all instances of alleged attorney misconduct, except where an attorney is alleged to have committed an "intentional crime." *Id.* Under the standard grievance procedure, a grievance committee or district court determines violations and sanctions. *See* Tex.R. Disciplinary P. 2.13–.18, 3.09–.10; *In re Mercier,* 242 S.W.3d 46, 47 (Tex.2007) (per curiam). The reviewing body may disbar the attorney under the standard grievance process, but also has the ability to assess "a range of lesser sanctions, including various types of suspension and reprimand." *Lock,* 54 S.W.3d at 307.

The compulsory discipline procedure applies "[w]hen an attorney licensed to practice law in Texas has been convicted of an Intentional Crime or has been placed on probation for an Intentional Crime." Tex.R. Disciplinary P. 8.01. An intentional crime is "(1) any Serious Crime[2] that requires proof of knowledge or intent as an essential element or (2) any crime in-

---

1. *See* Tex.R. Disciplinary P. 7.11, *reprinted in* Tex. Gov't Code, tit. 2, subtit. G app. A–1. All references to disciplinary rules in this opinion are to these rules, unless otherwise indicated.

2. " 'Serious crime' means barratry; any felony involving moral turpitude; any misdemeanor involving theft, embezzlement, or fraudulent or reckless misappropriation of money or other property; or any attempt, conspiracy, or solicitation of another to commit any of the foregoing crimes." Tex.R. Disciplinary P. 1.06(Z).

volving misapplication of money or other property held as a fiduciary." *Id.* at 1.06(T). The Chief Disciplinary Counsel commences a suit under the compulsory process by filing a petition with BODA. *Id.* at 8.01, .03. "The petition must allege the adjudication of guilt (or probation without an adjudication of guilt) of an Intentional Crime; allege that the Respondent is the same person as the party adjudicated guilty or who received probation ...; and seek the appropriate discipline." *Id.* at 8.03. In this regard, BODA's function is rather limited. BODA merely determines whether there has been an adjudication of guilt of an intentional crime and ensures that the subject attorney was actually adjudicated guilty. *Id.* at 8.03–.04. BODA then determines the appropriate discipline. *See id.* at 8.05–.06.

In this case, the compulsory discipline procedure applies because it is undisputed that Caballero's crime is an intentional crime. The issue, then, is to what extent Texas Rules of Disciplinary Procedure 8.05 and 8.06 give BODA discretion to determine Caballero's discipline, given that his sentence was fully probated.[3] Rule 8.05, entitled "Disbarment," states in relevant part:

When an attorney has been convicted of an Intentional Crime, and that conviction has become final, or the attorney has accepted probation with or without an adjudication of guilt for an Intentional Crime, the attorney shall be disbarred unless the Board of Disciplinary Appeals, under Rule 8.06, suspends his or her license to practice law.

*Id.* at 8.05.[4] Rule 8.06, entitled "Suspension," states in relevant part:

If an attorney's sentence upon conviction of a Serious Crime is fully probated, or if an attorney receives probation through deferred adjudication in connection with a Serious Crime, the attorney's license to practice law shall be suspended during the term of probation. If an attorney is suspended during the term of probation, the suspension shall be conditioned upon the attorney's satisfactorily completing the terms of probation. If the probation is revoked, the attorney shall be disbarred.

*Id.* at 8.06.[5] Caballero argues that Rule 8.06 mandates suspension of the attorney's license in the case of a fully-probated sentence. The Commission for Lawyer Discipline, however, argues that Rule 8.05

---

3. The Commission for Lawyer Discipline argued in its brief that the special assessment and restitution part of Caballero's sentence renders the sentence not "fully probated" for purposes of Rule 8.06. However, at oral argument, the Commission conceded that the sentence was fully probated for purposes of determining the discretionary discipline issue. We also note that BODA's final judgment made a finding of fact that Caballero's "criminal sentence was fully probated." *In re Caballero*, Judgment of Disbarment, Case No. 38821 (Tex. Mar. 28, 2007). Regardless, because we hold that Rule 8.05 gives BODA discretion to disbar or suspend an attorney whose sentence was fully probated, it is irrelevant whether Caballero's sentence was fully probated. BODA has the power to disbar an attorney whether his sentence was fully probated or not. Whether a sentence was fully

probated would be an issue only if BODA decided to suspend an attorney's license under Rule 8.06.

4. " 'Intentional Crime' means (1) any Serious Crime that requires proof of knowledge or intent as an essential element or (2) any crime involving misapplication of money or other property held as a fiduciary." TEX.R. DISCIPLINARY P. 1.06(T).

5. " 'Serious crime' means barratry; any felony involving moral turpitude; any misdemeanor involving theft, embezzlement, or fraudulent or reckless misappropriation of money or other property; or any attempt, conspiracy, or solicitation of another to commit any of the foregoing crimes." TEX.R. DISCIPLINARY P. 1.06(Z).

grants BODA discretion to either disbar an attorney, as provided by Rule 8.05, or to suspend the attorney's license for the term of probation as provided under Rule 8.06.

## III

In resolving the meaning of these rules, we apply statutory construction principles. *See O'Quinn v. State Bar of Tex.*, 763 S.W.2d 397, 399 (Tex.1988) (instructing that "our disciplinary rules should be treated like statutes"). Statutory construction is a legal question, which we review de novo. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002). In doing this, we "give effect to all [a statute's] words and, if possible, do not treat any statutory language as mere surplusage." *State v. Shumake*, 199 S.W.3d 279, 287 (Tex.2006).

Rule 8.05 states that an attorney convicted of an intentional crime, or an attorney put on probation for an intentional crime, "*shall* be disbarred *unless* [BODA], under Rule 8.06, suspends his or her license to practice law." TEX.R. DISCIPLINARY P. 8.05 (emphasis added). Thus, the starting point is disbarment because BODA is instructed that it "shall" disbar. *Id.; see also* TEX. GOV'T CODE § 311.016(2) (" 'Shall' imposes a duty."). But the "unless" clause referencing the Rule 8.06 suspension procedure gives BODA some discretion to suspend the attorney's license.

TEX.R. DISCIPLINARY P. 8.05. Rule 8.06 then establishes the guidelines for that suspension. First, Rule 8.06 states a condition to its use: "If an attorney's sentence upon conviction of a Serious Crime is fully probated, or if an attorney receives probation through deferred adjudication in connection with a Serious Crime...." *Id.* at 8.06. Second, Rule 8.06 dictates the length of the suspension: "[T]he attorney's license to practice law shall be suspended during the term of probation." *Id.; see also In re Ament*, 890 S.W.2d 39, 40 (Tex. 1994) (per curiam). Thus, BODA has discretion under Rule 8.05 to disbar the attorney or to suspend the attorney's license under Rule 8.06. But if BODA uses Rule 8.06, it must comply with Rule 8.06's conditions. *See Ament*, 890 S.W.2d at 40 (holding that the probationary period is "the ceiling, above which suspension may not climb"). We do not accept Caballero's argument that Rules 8.05 and 8.06 mandate suspension in the case of a fully-probated sentence because construing the rules in this manner would not give effect to the second half of Rule 8.05's language, which gives BODA discretion to use Rule 8.06. Rather, Caballero's proposed construction would render it "mere surplusage." *Shumake*, 199 S.W.3d at 287. The rules must be read together.[6]

The prior disciplinary rules also gave BODA this discretion, albeit in a different manner.[7] The prior disbarment rule man-

---

**6.** BODA has construed Rules 8.05 and 8.06 in a similar manner. *See, e.g., In re Mercier*, BODA Case No. 38020 (Nov. 3, 2006); *In re Filippov*, BODA Case No. 30611, *aff'd*, 04–0151 (Tex. June 18, 2004). We have affirmed, without opinion, BODA decisions to disbar an attorney who received a fully-probated sentence. *See, e.g., Filippov*, BODA Case No. 30611; *In re Goldberg*, BODA Case No. 25757, *aff'd*, 02–0853 (Tex. Mar. 3, 2003); *In re Raynor*, BODA Case No. 25458, *aff'd*, 02–0435 (Tex. Sept. 26, 2002); *In re Hartley*,

BODA Case No. 06052, *aff'd*, 95–0511 (Tex. Oct. 27, 1995); *see also* TEX. GOV'T CODE § 311.023 ("In construing a statute ... a court may consider ... [an] administrative construction of the statute."); *In re State Bar*, 113 S.W.3d 730, 732 (Tex.2003) (noting that we have delegated portions of the power to regulate the practice of law to BODA).

**7.** The prior disciplinary rules were previously codified in Article X of the State Bar rules. In 1991, those rules were repealed and replaced by the Texas Rules of Disciplinary Pro-

dated that BODA use the suspension rule if it applied to the case-that is, if the attorney received a fully-probated sentence. *See* State Bar Rules art. 10, § 26(F) (repealed 1992) ("When an attorney has been convicted of a serious crime ... the attorney shall be disbarred, *except as provided* in [the suspension rule].") (emphasis added). In the prior disbarment rule, there was no discretionary language allowing BODA to decide whether to utilize the suspension rule in the first place. *See id.* The discretion came under the suspension rule, which provided that BODA did have the discretion to disbar the attorney even if the suspension rule applied. *See* State Bar Rules art. 10, § 26(G) (repealed 1992) (providing that an attorney "shall be suspended during the term of the probation ... [but BODA] may impose ... such further disciplinary sanction as may be warranted, including disbarment"). Under these prior rules, BODA could exercise discretion to disbar an attorney with a fully-probated sentence under the suspension rule, but not the disbarment rule. The revised rules flipped this discretion, and now the 8.05 disbarment rule gives BODA discretion to decide whether to utilize the 8.06 suspension rule in the first place. *See* Tex.R. Disciplinary P. 8.05 (providing that an attorney "shall be disbarred *unless the Board of Disciplinary Appeals,* under Rule 8.06, suspends his or her license to practice law") (emphasis added). But, under the current rules, once BODA decides to utilize the suspension rule, its discretion to disbar an attorney with a fully-probated sentence is removed. *See* Tex.R. Disciplinary P. 8.06; *Ament,* 890 S.W.2d at 41 (holding that, under Rule 8.06, the suspension period must equal the probation term and that

the discretion to impose additional punishment under Rule 8.06 has been removed).

Our construction here is also consistent with other portions of the rules. *See Helena Chemical Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001) (instructing that "we must always consider the statute as a whole rather than its isolated provisions" and "[w]e should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone"). Rule 11.01, which addresses when an individual can apply for reinstatement after disbarment, describes an attorney who has been "disbarred or resigned in lieu of discipline by reason of conviction of *or having been placed on probation without an adjudication of guilt* for an Intentional Crime or a Serious Crime." Tex.R. Disciplinary P. 11.01 (emphasis added). This language envisions disbarment following a probated sentence. Also, Rule 8.01 instructs that "[t]he completion or termination of any term of incarceration, *probation,* parole, or any similar court ordered supervised period does not bar [compulsory discipline procedures]." Tex.R. Disciplinary P. 8.01 (emphasis added). This indicates that compulsory discipline procedures can be initiated even after the probation term has ended. *See id.* If Rules 8.05 and 8.06 did not permit punishment other than suspension during the term of the probation, then Rule 8.01 could not allow the initiation of proceedings after this term was already completed.

Caballero relies on five cases to argue that BODA has no discretion to disbar him. *See Lock,* 54 S.W.3d 305; *In re Birdwell,* 20 S.W.3d 685 (Tex.2000); *In re Humphreys,* 880 S.W.2d 402 (Tex.1994); *Sanchez v. Bd. of Disciplinary Appeals,* 877 S.W.2d 751 (Tex.1994) (per curiam);

cedure. *See* State Bar Rules art. 10 (repealed 1992); *see also* Tex.R. Disciplinary P. 1.01–

15.13, reprinted in Tex. Gov't Code, tit. 2, subtit. G app. A–1.

*Ament,* 890 S.W.2d 39. None of those cases address the issue before the Court today. We have not previously been called upon to resolve the interplay between Rule 8.05 and 8.06 and whether BODA has discretion to disbar or suspend in the case of a fully-probated sentence. *Lock, Birdwell,* and *Humphreys* all involved whether a particular crime was a crime of moral turpitude for purposes of using the compulsory discipline procedure in the first place. *See Lock,* 54 S.W.3d at 311 (holding that possession of a controlled substance is not a crime of moral turpitude per se); *Birdwell,* 20 S.W.3d at 686 (holding that conspiracy to defraud the IRS is a crime of moral turpitude); *Humphreys,* 880 S.W.2d at 408 (holding that tax evasion is a crime of moral turpitude). Rule 8.06 was not at issue in those cases. *See Lock,* 54 S.W.3d at 312 (concluding that the standard grievance procedure should apply); *Birdwell,* 20 S.W.3d at 686 (noting that the attorney was "ineligible for suspension under [Rule] 8.06"); *Humphreys,* 880 S.W.2d at 403 n. 1 (noting that "Humphreys's prison sentence precludes Rule 8.06 suspension"). In *Sanchez,* the disbarred attorney made a constitutional challenge to the Rule 8.05/8.06 scheme in light of the fact that BODA could disbar attorneys in some instances while only suspending them in others. 877 S.W.2d at 752. Sanchez argued that the scheme was harsh and unconstitutional because it mandated disbarment in cases in which a sentence was not fully probated. *Id.* Sanchez did not involve a fully-probated sentence and never touched on the extent of BODA's discretion in that instance. *See id.* at 751–52. *Ament* dealt with the

length of a suspension under Rule 8.06, not whether suspension was mandated. *See* 890 S.W.2d at 40–41. *Ament* works to limit BODA's discretion when suspension under Rule 8.06 is imposed. *Id.* at 41. Once BODA decides to suspend an attorney's license under Rule 8.06, it can only impose a suspension for the length of the probation period.[8] *Id.*

■ Thus, both the language of the disciplinary rules and our caselaw confirm that BODA has discretion to disbar or suspend in the case of a fully-probated sentence. If BODA decides to suspend an attorney's license, the suspension period must equal the length of the probation period. *Id.*

**IV**

■ Caballero was convicted of an intentional crime and received a fully-probated sentence. BODA, therefore, had discretion to either disbar Caballero or suspend his license for the term of the probation. Further, although not briefed in this case, we find nothing in the record to indicate an abuse of discretion on BODA's part in disbarring Caballero. *See In re Filippov,* BODA Case No. 30611, at 11–12 (describing factors BODA considers when determining whether to disbar an attorney or suspend his license when the attorney's sentence is fully probated). Because we hold that BODA had discretion to disbar Caballero, and that it did not abuse that discretion, we affirm the judgment of disbarment.

Justice WILLETT filed a dissenting opinion, in which Justice MEDINA joined.

---

8. The dissent claims that our holding, in light of *Ament,* "leads to a strange gap in discipline." 272 S.W.3d at 603. But while the rules may provide BODA with the option of imposing two varying degrees of discipline, BODA does not have unfettered discretion to impose discipline disproportionate to the attorney's acts. *See* Tex.R. Disciplinary P. 7.11

("[a BODA] case shall be reviewed under the substantial evidence rule"); Tex. Gov't Code § 2001.174(2)(E), (F) (directing that under the substantial evidence rule, a court shall reverse on a finding that a decision is "not reasonably supported by substantial evidence" or "arbitrary or capricious or characterized by abuse of discretion").

Justice WILLETT, joined by Justice MEDINA, dissenting.

Like the Court, I would attempt to harmonize Rules 8.05 and 8.06 of the Rules of Disciplinary Procedure and give meaning to each.[1] However, the Court sees discretion where I see only mandatory options for discipline. Because I believe the Court's attempt to harmonize the relevant rules and rulings strikes a discordant note, I respectfully dissent.

The parties do not dispute that the compulsory discipline rules apply. Rule 8.05, titled "Disbarment," provides that the Board of Disciplinary Appeals (BODA) "shall" disbar an attorney who is convicted of, or has accepted probation for, an Intentional Crime. The use of "shall" makes the Rule mandatory and "imposes a duty."[2]

The only exception mentioned in Rule 8.05 is Rule 8.06, titled "Suspension." Rule 8.05 states that the attorney "shall be disbarred unless" BODA, "under Rule 8.06, suspends his or her license to practice law." As we observed in *Sanchez v. Board of Disciplinary Appeals*, "Rule 8.05 mandates disbarment for a final conviction . . . except when Rule 8.06 applies."[3] Rule 8.06 sets out the exception by providing that if the attorney's sentence is *"fully* probated" (emphasis added), BODA *shall* suspend the attorney "during the term of probation."[4] We have so observed:

BODA "is required to disbar an attorney" under Rule 8.05 "who is convicted of an intentional crime and whose sentence is not *fully* probated."[5] Like Rule 8.05, Rule 8.06 is mandatory by its terms.

I would reconcile the rules, and honor the mandatory "shall" used in both, by holding that when mandatory discipline is warranted, Rule 8.06 applies if the sentence is fully probated, and Rule 8.05 applies if the attorney's sentence is less-than-fully probated. Which is to say, BODA must disbar under Rule 8.05 if the attorney is sentenced to jail or to a combination of jail and probation, and BODA must suspend under Rule 8.06 (up to the length of the probated sentence) if the sentence is *fully* probated. Because Caballero's sentence was fully probated, I would hold that BODA was only authorized to suspend his license.

The plain language of the rules supports this result, and so does our prior precedent. In *Sanchez,* the Court held that Rule 8.05 mandates disbarment "except when Rule 8.06 applies," and it did "not apply to Sanchez because his sentence, a fine of $500, was not probated."[6] Later that same year, in *In re Ament,* we noted that the relevant disciplinary rules previously gave discretion to disbar an attorney who received a fully probated sentence, but under Rule 8.06, "[t]he provision pro-

1. *See Elledge v. Friberg–Cooper Water Supply Corp.,* 240 S.W.3d 869, 870–71 (Tex.2007) (per curiam); *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001).

2. Tex. Gov't Code § 311.016(2); *In re Gen. Elec. Co.,* 271 S.W.3d 681, —— (Tex.2008).

3. 877 S.W.2d 751, 751 (Tex.1994).

4. Rule 8.06 also applies where the attorney receives "probation through deferred adjudication." Deferred adjudication is imposed in lieu of further prosecution to a conviction that

can be punished by a term of incarceration, and hence is always "fully probated" in the sense that the defendant receives no jail time so long as he complies with the terms of the deferred adjudication. *See, e.g.,* Tex.Crim. Proc.Code art. 42.12, § 5 (providing for community supervision in lieu of further proceedings to adjudicate guilt under deferred adjudication procedure).

5. *In re Ament,* 890 S.W.2d 39, 41 n. 2 (Tex. 1994) (emphasis added).

6. 877 S.W.2d at 751–52.

viding for discretionary, additional punishment *is omitted.*[7] We described this omission as the "one, crucial" change in the rule.[8] Today the Court re-inserts that omitted discretion.

Seven years after *Sanchez*, we observed in *In re Lock* that the mandatory language of the two rules should be applied according to the nature of the sentence without regards for details that would ordinarily inform a discretionary review: "An attorney guilty of an intentional crime must be either suspended or disbarred—*depending solely on whether the attorney's criminal sentence was probated*—without regard for any collateral matters, and without any consideration or inquiry into the facts of the underlying criminal case."[9]

In that case we seemed to reject the view that BODA has discretion to either disbar or suspend a lawyer regardless of whether the sentence was fully probated. The Court today would allow language in Rule 8.05 concerning disbarment to confer discretion over suspension when the rule actually governing suspension leaves no room for such discretion. The more natural reading is that Rule 8.05 requires disbarment "unless" Rule 8.06 applies, at which point suspension is required. This construction comports with our analysis in *Sanchez, Ament,* and *Lock* and harmonizes the plain language of both rules.[10]

I understand the Court's desire to grant BODA flexibility, but my reading of the rules and our pertinent precedent compels me to respectfully dissent.

---

7. 890 S.W.2d at 40–41 (emphasis in original).

8. *Id.* at 41.

9. 54 S.W.3d 305, 306–07 (Tex.2001) (emphasis added).

10. The Court's decision also leads to a strange gap in discipline. *Ament* held that the suspension period for a fully probated sentence under Rule 8.06 is limited to the period of probation. 890 S.W.2d at 41. As the Court expresses no interest in disturbing the holding

of *Ament*, I take it to hold today that BODA can now disbar an attorney receiving a short, fully probated sentence, such as the five-minute probated sentence at issue in *Ament*, or else impose a suspension limited to the term of probation. Meanwhile, a suspension longer than the term of probation, but nevertheless short of disbarment, is disallowed. I find this result strained and unnecessary under the language of the relevant rules.